B. C. BEANE, Respondent, v. CITY OF ST. JOSEPH,
and BRITTAIN INVESTMENT CO., Appellants.

In the Kansas City Court of Appeals, May 1, 1922.

1. **MUNICIPAL CORPORATIONS: Notice: Notice to City of Location
   of Place Where Personal Injury Resulted from Defective Street
   Held Sufficient.** The obvious purpose of section 7955, Revised
   Statutes 1919, providing that notice in writing of injuries resulting
   from defects in streets shall be given within sixty days of the
   occurrence, is to protect the city from unjust claims for damages
   and in aid thereof to locate the place where the accident occurred
   and to describe the circumstances with sufficien: definiteness to
   allow city to institute an investigation to determine whether it is
   liable, *held*, that a notice stating that accident occurred "alongside
   and near the rear of a building located on the corner fronting on
   F. Street and about 80 feet from South line of intersection of 5th
   Street with said F. Street" is sufficient, there being no material
   variance between the notice and the proof locating the place of the
   accident.

2. ——: ——: **Pleading: Notice to City of Claim of Personal In-
   jury Fully Advising City of All Facts Connected With the Injury
   Held Sufficient.** The statutory notice required under section 7955,
   Revised Statutes 1919, to be given city of a claim for personal injury
   is not in any sense a pleading and may not be strictly construed,
   and where evidence tends to show that the city was fully advised
   by such notice of all facts connected with the injury, within the
   meaning of the statute, none of the essentials being omitted nor
   insufficiently stated, the notice is sufficient.

Beane v. City of St. Joe & Inv. Co.

ON REHEARING.

3. ――――: ――――: Jury Finding for Plaintiff Held in Effect a Finding that Notice to City of Personal Injury Properly Gave the Circumstances of the Injury. In a suit against a city for personal injuries received from falling· upon an icy sidewalk, where jury were required to find by an instruction that the ice was negligently permitted to be and remain on said sidewalk, and to freeze into raised and uneven ridges forming a dangerous obstruction to persons attempting to walk along said sidewalk, and the notice to the city of the injury stated that the ice was rough and had "unlevel surfaces in bumps and ridges," *held*, jury by finding in favor of plaintiff in effect found that the notice properly gave the "circumstances" of the injury.

4. ――――: ――――: Pleading: Where Cause of Action is Created by Common Law, it is Not Necessary in Action Against City to plead Notice of Injury as a Condition Precedent to Maintenance Thereof. Section 7955, Revised Statute 1919, declaring that no action for personal injuries against a city may be maintained unless notice thereof is given within sixty days, does not create a cause of action, but the cause of action is given by the common law, and as the cause of action is created by the common law, the condition as to service of notice is not a part of plaintiff's cause of action and neither the notice nor the conditions need be pleaded in the petition.

5. INSTRUCTIONS: Burden of Proof: Contributory Negligence: An Instruction That Burden of Proof Rested Upon Defendants to Prove Plaintiff Guilty of Contributory Negligence Held not Error. In a suit against a city and another to recover damages for personal injuries received as result of fall upon an icy sidewalk, an instruction that the burden of proof rests upon defendants to prove plaintiff guilty of contributory negligence was not erroneous as excluding from jury the right of defendants to have it find from evidence offered by plaintiff that he was guilty of contributory negligence.

6. MUNICIPAL CORPORATIONS: Instructions: Instructions as to Negligence of Property Owner in Permitting Water to Flow From Defective Guttering Upon Sidewalk and to Freeze and Form Dangerous Obstruction Held Proper. In an action against city and property owner for injuries resulting from fall on an icy sidewalk, an instruction that the jury must find that the water from the roof of property owner's building, because of insufficient or defective guttering, drains or downspouts was negligently permitted to flow along and across the sidewalk, and to freeze into ice on said sidewalk, and that said ice was negligently permitted by defendants

to remain in rough and uneven ridges forming a dangerous obstruction, to hold property owner liable, *held* proper.

7. ——: ——: In Action Against City and Property Owner for Damages for Injuries an Instruction That if Property Owner Was Not Negligent Verdict Should be Against City Alone, Held Not Erroneous. In a suit to recover damages for personal injuries against city and property owner resulting from fall upon icy sidewalk where it was alleged that because of insufficient and defective guttering, water was caused to flow upon sidewalk and permitted to freeze and from dangerous obstruction, an instruction that if jury found defendant property owner did not negligently permit said water to flow upon sidewalk, but that the other facts existed, their verdict should be against the city alone, *held* not erroneous.

8. ——: Where Icy Obstruction Upon Sidewalk was Caused by Property Owner's Negligence and City After Knowledge of Its Existence, Failed to Remove the Same, City is Liable to Pedestrian Injured Thereby. Both the city and property owner were liable if through fault or carelessness of the property owner the icy obstruction came into existence upon the sidewalk and the city after it knew, or by the exercise of ordinary care could have known, of the obstruction, carelessly failed to remove the same.

9. LANDORD AND TENANT: Landlord Not Liable for Injury Resulting From Fall Caused by Icy Obstruction Upon Sidewalk Where it Did Not Appear That Defective Guttering Existed at Time Landlord Leased or Rented Premises to Tenant, the Landlord Not Being Liable if Condition was Due to Negligence of Tenant. In an action against city and property owner by a pedestrian caused by icy obstruction upon sidewalk, where petition alleged that property owner was negligent in maintaining a defective and insufficient downspout or guttering upon building, causing water to flow upon sidewalk, there could be no recovery against property owner as the evidence did not show that the defect in the guttering and downspouts existed at the time the property owner leased or rented the premises to the tenant who was in possession at the time of the injury, the property owner not being liable if the condition was due to negligence of tenant.

ON SECOND REHEARING.

10. APPEAL AND ERROR: Instructions: Where Evidence Tended to Show Defendant, Property Owner, Primarily Liable and Defendant, City, Secondarily Liable for Injuries to Pedestrian, an Erroneous Instruction as to property Owner Requires Reversal as to Both Defendants. In an action against city and property owner for injuries to pedestrian caused by fall as a result of icy obstruction

upon sidewalk, under section 7954, Revised Statute 1919, the judgment should be reversed and the cause remanded as to both defendants because reversible error was committed in giving an instruction for plaintiff against the property owner as the evidence tends to show that the property owner is primarily liable and the city secondarily, that is, if the city is liable the property owner is liable to city for having negligently caused the condition complained of.

Appeal from the Circuit Court of Buchanan County.— *Hon. Lawrence A. Vories*, Judge.

REVERSED AND REMANDED.

*Joseph M. Garvey* and *William E. Stringfellow* for respondent.

*Vinton Pike* for appellant, Brittain Invest. Co.

*Lindsay, Hess & Kavanaugh* for appellant, City.

ARNOLD, J.—This is a suit in damages for personal injuries against the City of St. Joseph and the Brittain Investment Company, a corporation.

Plaintiff, a man sixty years of age, fell on ice on a sidewalk on the west side of Fifth street about eighty feet south of its intersection with Francis street. The petition alleges that "water from the roof and cornice of the building owned by defendant The Brittain Investment Company on the premises above described because of insufficient and defective guttering, drains and downspouts on said building, was permitted to flow upon, along and across the said sidewalk in front of said premises and in front of the premises immediately south and adjacent to the said premises of defendant The Brittain Investment Company, and permitted to freeze into thick ice on said sidewalk and said ice was negligently permitted by defendants to remain on said sidewalk and had thawed and melted and again frozen into rough and uneven ridges, forming a dangerous obstruction to per-

sons attempting to walk along said sidewalk," etc., the negligence charged being directed against both defendants. Further plaintiff states the injury occurred on December 8, 1919; while plaintiff was walking south on the sidewalk on the west side of Fifth street, between Francis and Felix streets, "immediately south and adjacent to said premises above described," he slipped and fell, sustaining serious injuries, including a dislocation of the right hip joint and a fracture of the righ femur.

The defendant city filed a separate answer in the nature of a general denial and a plea of contributory negligence. Defendant Brittain Investment Company filed only a general denial. The reply was a general denial. The case was tried to a jury and resulted in a verdict for plaintiff and against both defendants in the sum of $5000. Both defendants appeal.

Defendant City of St. Joseph in its assignments of error charges first that the statutory notice served by plaintiff upon defendant city was erroneously admitted in evidence because (a) it is contradictory and confusing in pointing out the place of the accident, in that the locality given does not correspond with the distance therein stated, and (b) that there is a fatal variance in the place of the accident as stated in plaintiff's petition and evidence and that described in the notice, and (c) that the notice fails to state the "circumstances" of the injury as required by the statute and does not mention the downspout, the faulty construction of which plaintiff claims caused the injury.

The statute requiring the notice above referred to is section 7955, Revised Statutes 1919, and is as follows: "No action shall be maintained against any city of the first class on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, unless notice shall first have been given in writing, verified by affidavit, to the mayor of said city, within sixty days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received,

and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.''

The obvious purpose of this statute is to protect the city from unjust claims for damages and in aid thereof to locate with reasonable certainty the place where the accident occurred, and to describe the circumstances with sufficient definiteness to allow the city to institute an investigation to determine whether or not it is liable for the injury so reported. [Krucker v. City, 195 Mo. App. 101.] The notice in the instant case states the accident occurred on the west side of Fifth street in the City of St. Joseph, Mo., ''alongside and near the rear of a building located on the corner fronting on Francis street and about eighty feet from the south line of the intersection of Fifth street with said Francis street.''

J. M. Garvey, for plaintiff, testified that he estimated the distance as stated in that part of the statutory notice quoted above, and that it was ''about seventy-five feet—practically eighty feet measuring from the north edge of the sidewalk on Francis street; that the sidewalk measured ten feet in width, the first building on the corner of Fifth and Francis forty feet and the next thirty feet.'' On cross-examination this witness stated that he got this description from the records, but that he was testifying from a mental calculation and his own information, verified by the records, and that he ''stepped off'' the width of the sidewalk.

On behalf of defendants, W. K. Seitz, city engineer, testified that he measured the distance and that beginning at the building line on the south side of Francis Street, a point eighty feet south ''would take you to the south line of the building occupied by the Shady barber shop;'' and that he did not know the width of the Shady building; that the sidewalk on the south side of Francis street is ten feet in width; that starting from the center of the intersection of the two streets and measuring south eighty feet, ''it would be twenty-five feet north of the south line of Shady barber shop.''

From these calculations and measurements it is clear that there is no material variance between the notice and the proof. There is no dispute as to the date of the accident as stated in the notice, and the character and circumstances of the injury are sufficiently described therein.

Following the injury and on the same day one Louis Kranitz, evidence officer in the city counselor's office, called at St. Joseph hospital, talked with plaintiff and reduced to writing plaintiff's statement. He testified the accident happened about one o'clock and that he had this conversation with plaintiff about four o'clock the same day; that he went to the place of the accident after the city counselor's office was notified and asked Mr. Shady about it; that "he (Shady) pointed at the sidewalk and said he fell just a little north of this place," and that the next day policeman Keely and White who had picked plaintiff up had indicated to him the place where the accident occurred.

The statutory notice required is not in any sense a pleading and may not be so strictly construed. The evidence tends to show that the city was fully advised of all the facts connected with the injury, within the meaning of the statute. None of the essentials was omitted nor insufficiently stated.

In Lyons v. City of St. Joseph, 112 Mo. App. 681, JOHNSON, J., held the notice insufficient because "the only statement contained in the notice relative to the cause of the injury is that it was received by plaintiff 'while walking upon the sidewalks of said city at a point,' etc. . . . It could not be told from the notice how plaintiff claimed to have been injured." Likewise in Jacobs v. City of St. Joseph, 127 Mo. App. 671, ELLISON, J., held the notice insufficient in that it failed to state in any way the character of plaintiff's injuries. The difference between the notices discussed in those cases and the one before us is obvious.

TRIMBLE, P. J. (concurring.)—I think the instruction No. 1 for plaintiff is erroneous as to Brittain Investment Company. The petition alleged that said defendant was the owner of the building, and that "because of insufficient *and* defective guttering, drains and downspouts on said building," water from the roof was permitted to flow across the sidewalk and form an obstruction which "was negligently permitted by defendants to remain on said sidewalk."

The evidence disclosed that the property was in the possession of a tenant under a lease for a term of years. If the obstruction was produced by some cause which arose while the tenant was in possession, the defendant owner would not be liable.

The instruction authorized the jury to return a verdict against the defendant owner if the guttering, drains or downspouts were either insufficient *or* defective. If it can be said the charge, that the gutter and drains were "insufficient," is the same as charging "defective construction," nevertheless, the instruction does not confine the case to that charge but permits a recovery on the ground of a defective condition at the time of the plaintiff's fall. A gutter could be "insufficient" from various causes. For instance, if it was wrongly constructed or was not made large enough to carry off the water from the roof; or it could become choked up in some way and be "insufficient" to carry off the water in that way, in which case it would show a "defective condition" but not negligent construction. Now the jury may well have believed that the guttering provided for the building was *sufficient,* but that as the water flowing from the bottom of the downspout had frozen, or that as the drain went through the pavement and connected with the sewer, yet as the water had flowed onto the sidewalk, the gutter, although *sufficient* as to construction, *had become* defective in some way. The jury were authorized by the instruction to hold the defendant owner liable if such was the case.

In seeking to hold the defendant owner liable where the evidence shows such owner was not in possession but that his tenant was, plaintiff must submit his case in such way as to include all the necessary elements to create liability under that situation. It is plaintiff's duty to both make out and submit a case creating liability. The defendant is not required to prove that it is not liable. The case is not one where all the evidence shows that there could have been no other cause for the overflow except insufficient or negligent construction. There was evidence that the downspout was either ''choked up'' or that the water overflowed the downspout and came down outside of it. The fact that a witness said that, at a time when the building was in the possession of a former tenant, the water came down, does not show conclusively that it was from negligent or insufficient construction, for not only did he admit that he made no examination to see why it overflowed, but that all he knew was as to the conditions he found on the ground. He said this occurred ''a number of times.'' But this does not show that it was from negligent or insufficient construction. It may have been because the gutter had become choked at those times. The case is not one where the evidence all shows that only one cause, i. e., insufficient or negligent construction, could have produced the trouble. The jury could well have said that it arose from another cause.

The fact that defendant owner obtained an instruction which told the jury that if the building was provided with guttering, etc., sufficient to carry from its roof ordinary snow and rainfall, the owner was not guilty of negligence, does not obviate the defect, since the plaintiff's instruction allows the jury to hold it liable even if the fault was that of the tenant; nor does the obtention of such an instruction on the part of the defendant owner show that it tried the case on the theory that it was liable unless the jury found insufficient or negligent construction.

## ON REHEARING.

BLAND, J.—We are content with what was said by
ARNOLD, J., on the original submission of this case so
far as is shown above, but it is necessary to pass upon
some other matters raised in the briefs and to these
additional matters we now direct our attention.

It is insisted by the city that plaintiff's instructions
Nos. 1 and 2 are erroneous in that they fail to have the
jury find that the notice properly described the circum-
stances of the injury.  These instructions do have the
jury find that "plaintiff caused a notice in writing of his
alleged injuries  .  .  .  to be served on the mayor,
.  .  .  within sixty days after the alleged injury; that
said notice described the place where, the time when and
the extent and character of the injuries received by him,
and that he would claim damages from the defendant
city of St. Joseph on account of said injuries so re-
ceived." It will be noted that the instructions do not
have the jury find the matter that the defendant city
now insists it should have been required to find.  The
only circumstance in connection with the injury over
which there was a dispute in the evidence, unless it be
as to the place where plaintiff fell and on the original
submission of the case we find that there was no substan-
tial conflict on this point, was whether the snow and ice
causing the defect in the sidewalk over which plaintiff
fell were rough and had uneven ridges forming a danger-
ous obstruction, or whether the ice was merely a thin
sheet of ice such as would be found all over the city after
a general snow or freeze.  There is some dispute in the
briefs as to whether it was necessary for the jury to find
whether the notice gave the circumstances of the injury
or whether the sufficiency of the notice under the facts
of this case was for the court and not for the jury.  How-
ever, we are not required to pass upon this matter for the
reason that the jury were required to find in the instruc-
tion that the "ice was negligently permitted to be and
remain on said sidewalk and to freeze into raised and

uneven ridges forming a dangerous obstruction to persons attempting to walk along said sidewalk.'' The notice stated that the ice was rough and had ''unlevel surfaces in bumps and ridges.'' The jury were therefore required to solve the only issue in the case as to the circumstances surrounding the injury in favor of plaintiff. and, consequently, in effect found that the notice properly gave the ''circumstances'' of the injury.

It is insisted by the city that the petition does not state sufficient facts to constitute a cause of action against the city; that it does not allege that the notice was served upon the mayor and that the statute required such service as a condition precedent to the maintenance of the suit. It will be borne in mind that the statute under discussion does not create the cause of action but that the cause of action is given by the common law, the statute merely declaring that the action may not be *maintained* until the notice is given. Where the statute creates a cause of action the condition then constitutes an element of the cause and must be pleaded but where the cause of action is created by the common law the condition is not a part of plaintiff's cause of action but is a matter of evidence. We think then that neither the notice nor the conditions need be pleaded in the petition. [Morrill v. Kansas City, 179 S. W. 759; Jacobs v. City of St. Joseph, 127 Mo. App. 669.] Reid v. City, 192 S. W. 1047, is not in conflict with this holding. In that case the allegations of the petition showed that the statutory notice had not been given and for that reason the court held that the petition on its face showed that plaintiff had no cause of action against the city and consequently decided that the petition was bad and subject to a demurrer.

Complaint is made of plaintiff's instruction No. 4, which is as follows—

''The court instructs you that the burden of proof rests upon the defendants to prove that the plaintiff was guilty of any contributory negligence in this case.''

It is insisted that by this instruction plaintiff had excluded from the jury the right of defendants to have

it find from the evidence offered by plaintiff that he was guilty of contributory negligence. The wording of this instruction has been approved in substantially the same form and we declare it not erroneous. [Maguire v. St. Louis Transit Co., 103 Mo. App. 459, 472; Murray v. Railroad, 101 Mo. 236, 240.]

The court did not err in submitting the two theories embodied in plaintiff's instructions Nos. 1 and 2. In plaintiff's first instruction the jury were required to find that water from the roof of defendant Brittain Investment Company's "building because of insufficient or defective guttering, drains or downspouts was negligently permitted to flow along and across the sidewalk . . . and permitted to freeze into ice on said sidewalk; that said ice was negligently permitted by defendants to remain on the sidewalk and to freeze into rough and uneven ridges forming a dangerous obstruction" to pedestrians. Instruction No. 2 is in substantially the same language except that it instructs the jury that if the defendant Brittain Investment Company did not negligently permit said water to flow upon said sidewalk but that the other facts existed, their verdict should be against the city alone.

There is no question but that these instructions were proper. So far as plaintiff's cause of action against the city is concerned it was immaterial as to where the water came from that flowed on the sidewalk. For this reason we held the notice good although it did not state where the water causing the obstruction came from. The gist of plaintiff's cause of action against the city was that it permitted a dangerous obstruction to negligently remain upon the sidewalk after it knew, or by the exercise of ordinary care could have known, of its presence. This was submitted in plaintiff's instruction No. 2. Both the city and property owner were liable if through the fault or carelessness of the property owner the obstruction came into existence upon the sidewalk and the city after it knew, or by the exercise of ordinary care could have known, of the obstruction, carelessly failed to remove

the same. This theory was submitted in plaintiff's instruction No. 1. The petition and the notice were sufficient to base a recovery against the city under either instruction.

It is contended by the defendant, Brittain Investment Company, that the petition alleges merely that it was the owner of the premises; that the evidence shows that at the time of plaintiff's injury a tenant was in possession of the premises; that there is no allegation of any defective construction of the downspout or guttering, and that plaintiff's instruction No. 1 allows recovery against said defendant if the guttering or downspout was insufficient *or* defective, and that plaintiff was permitted to recover against the property owner on the theory that it was liable merely because it owned the building and that said defendant was not so liable, for the reason that a tenant was in possession and prima facie the tenant is responsible for lack of repairs.

The petition does not allege that the Brittain Investment Company was in possession of the premises but merely states that it was the owner of the property. However, the petition alleges negligence on the part of the property owner and it would seem that the inference from the language of the petition is that the property owner negligently caused the injury by maintaining a defective and insufficient downspout or guttering upon the building, so it seems that there is something more than a mere allegation of ownership of the building on the part of the property owner contained in the petition. The instruction allows recovery even though there was no defective construction but permits recovery by merely showing that the guttering or downspout was insufficient or defective at the time of the injury. The evidence is not clear that the defective guttering and downspout existed while the premises were in possession of a former tenant and continued in the same condition down to the time of the injury, therefore we can not say that the defect in the guttering and downspouts existed at the time the property owner leased or rented the premises to the

tenant who was in possession at the time of the injury and the defendant property owner is therefore responsible for the condition and liable for the injury caused as a result thereof. [Stoetzele v. Swearingen, 90 Mo. App. 588; Mancuso v. Kansas City, 74 Mo. App. 138, 143.] Plaintiff's instruction is erroneous as to the Brittain Investment Company.

The judgment is affirmed as to defendant city but is reversed and the cause remanded as to defendant Brittain Investment Company. [Wiggin v. St. Louis, 135 Mo. 558, 570; Hutchinson v. Mullins, 189 Mo. App. 438; Kansas City v. Mullins, 200 Mo. App. 639; Sec. 7954, R. S. 1919.]

All concur. *Trimble, P. J.,* in a separate opinion.

ARNOLD, J.—A second rehearing has been accorded the litigants in this cause. We are of the opinion that the conclusion reached on the first rehearing, namely, that reversible error was committed in the giving of an instruction for plaintiff against the property owner, is correct, and it is herein adhered to.

The only further question for our consideration is whether this requires a reversal of the judgment as to both defendants, or whether it should be affirmed as to the city and reversed and remanded as to the Investment Company. For the reasons hereinafter stated, we have come to the conclusion that under the provisions of the statute governing this cause (Sec. 7954, R. S. 1919) the judgment should be reversed and the cause remanded as to both defendants. The evidence very strongly tends to show that the property owner is primarily liable and the city secondarily. Or, rather, if the city is liable the property owner is liable to the city for having negligently caused the condition complained of in the petition.

Considering the intent and purpose of the statute, as well as its particular wording, it is seen that under circumstances creating liability as in the case at bar, there must be only one judgment. The statute contem-

plates only one where the evidence shows that both the property owner and the city are liable. The statute reads: ". . . and no judgment shall be rendered against such city unless judgment be rendered against such other person or corporation so liable to be sued as aforesaid."

The case at bar differs from that of Hutchinson v. Mullins, 189 Mo. App. 438, and other cases where a judgment was affirmed as to one and reversed as to the other defendant, for in them either the plaintiff was not to blame for the reversible error, or the evidence showed one defendant to be liable and the other not, while in the case at bar, the plaintiff caused the error and the evidence shows, or tends to show that both defendants are liable. Hence when the plaintiff committed an error which invalidated the judgment against the property owner, the city is entitled to a reversal of the judgment against it. [Wiggin v. St. Louis, 135 Mo. l. c. 569; Donoho v. Iron Works, 75 Mo. 401.]

In so holding, we think the clear intent and purpose of the statute is upheld and all complexities and puzzling situations arising, in case different judgments should be rendered under the other course, are avoided.

For the reasons herein stated, the judgment is reversed as to both defendants and the cause is remanded for a new trial. All concur.