LAVINA PLATER v. KANSAS CITY, a Municipal Corporation, Plaintiff in Error.—68 S. W. (2d) 800.

Division Two, February 23, 1934.

*George Kingsley, Arthur R. Wolfe, John J. Cosgrove* and *Marcy K. Brown, Jr.,* for plaintiff in error.

844

*Harry G. Kyle* and *Walter A. Raymond* for defendant in error.

846

WESTHUES, C.—This is a personal injury suit. The defendant in error was the plaintiff below and will be referred to in the course of the opinion as the plaintiff. Plaintiff in error was defendant below and will be referred to as the defendant.

Plaintiff, the wife of Albert H. Plater, filed suit against W. C. Mullins Construction Company, a corporation, and Kansas City, Missouri, to recover damages alleged to have been sustained when a Ford car in which plaintiff and her husband were riding overturned at Twenty-sixth and Colorado Streets in Kansas City, Missouri, on the evening of December 24, 1923, at about eight-thirty P. M.

At the first trial plaintiff received a verdict for $8,000. A voluntary *remittitur* was entered in the sum of $500 and judgment entered for $7,500. From this judgment both defendants appealed. The Kansas City Court of Appeals reversed and remanded the cause for a new trial. [See 17 S. W. (2d) 658.] Upon the second trial plaintiff received a verdict and judgment for $10,000. From this judgment defendant, Kansas City, Missouri, appealed. Later the appeal was dismissed and the case brought here by a writ of error. The evidence at the second trial was substantially the same as at the first. A complete and detailed statement of the case will be found in the opinion of the Kansas City Court of appeals. We will only state so much of the evidence as will be necessary for disposition of the points relied on for reversal.

Defendant has questioned the sufficiency of the petition. We quote the charging part thereof, which reads as follows:

"Plaintiff states that the defendants were negligent in this, to-wit: that they negligently permitted said pile of crushed rock to be and to remain in said street; that they negligently failed to place a lantern or warning signal of any kind on said pile of crushed rock to warn persons using said street at night of the presence of said pile of shale; that they negligently failed to place a light of any kind in the vicinity of said pile of crushed rock so that said pile of shale would be visible to persons using said street at night; that they negligently permitted said pile of crushed rock to be and to remain in said street without any light or warning signal being placed on or near said pile of shale after they knew or by the exercise of ordinary care could have known that said pile of crushed rock was dangerous to persons driving along said street at night and could have anticipated that injury might result to persons using said street in time by the exercise of ordinary care to have removed said crushed rock or placed a light or warning signal on or near said shale in time by the exercise of ordinary care to have prevented the accident to the plaintiff."

It is contended that the petition does not charge that the obstruction was placed in the street by the defendant city, or with its consent. Neither of these allegations was necessary. The cases

cited by defendant are authority against its position. [Baustian v. Young, 152 Mo. 317, 1. c. 325, 53 S. W. 921; Badgley v. St. Louis, 149 Mo. 122, 1. c. 134, 50 S. W. 817.] In the latter case we find the law well and tersely stated as follows:

" 'The liability of the city must be predicated, therefore, upon its negligence in not causing the removal thereof within a reasonable time after it had notice, or by the exercise of proper case and diligence might have known the condition of said street. [Carrington v. St. Louis, 89 Mo. 208; Bonnie v. Richmond, 75 Mo. 437; Franke v. St. Louis, 110 Mo. 516.]' "

In the case of Russell v. Columbia, 74 Mo. 480, this court said:

"Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others, but, as in such cases, the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability."

The petition in this case charged that defendant city knew, or by the exercise of ordinary care could have known, of the obstruction in time to have removed the same or place warning signals thereon. Defendant contends it was entitled to a reasonable time in which to remedy the defect after it had notice thereof; that the petition does not so charge. The position is not well taken. To say that the city knew of the defect in time so that by the exercise of ordinary care it could have remedied the dangerous condition is equivalent to saying that the city had a reasonable time to do so after notice of its existence.

The evidence reveals that plaintiff's husband was driving the Ford car at the time of the accident. They were traveling on Twenty-sixth Street in the westerly direction and approaching Colorado Avenue. There was an up-grade of about twelve per cent on Twenty-sixth Street. The car was being driven up Twenty-sixth Street in low gear. The grade west of Colorado Avenue on Twenty-sixth Street was only 3.82 per cent. When plaintiff and her husband reached a point near the east line of Colorado Avenue the car was shifted to high gear. It was a model "T" Ford and the act of shifting the gear from low to high was to release the clutch. They had been driving about seven or eight miles per hour and slowed down to about five miles per hour at the intersection. After the car entered the intersection of Colorado Avenue and Twenty-sixth Street the left front wheel struck a pile of rock, the car turned over, plaintiff fell out and the top of the car as well as plaintiff's husband fell upon her. The alleged injuries received by plaintiff as a result of this incident

are the basis of plaintiff's suit. The evidence with reference to her injuries will be discussed later in the opinion under the point made by defendant that the verdict is excessive. The Mullins Construction Company had entered into a contract with defendant city to improve Colorado Avenue. The company placed sand and rock on the intersection to be used in the improvement. At about eight-thirty P. M., when the accident occurred, there was no street light at the intersection. It was cloudy and, therefore, rather dark. Thus far there is little dispute in the evidence. The disputed points will be referred to in the course of the opinion.

No point is made under the assignment of errors as to the sufficiency of the evidence to support a verdict. It is contended, however, that the trial court erred in not sustaining defendant's, Kansas City, Missouri, demurrer to the evidence at the close of the case because the evidence showed plaintiff to have been guilty of contributory negligence as a matter of law. This point was made on the former appeal and decided adversely to defendant's contention. [See 17 S. W. (2d) l. c. 663 (1).] Plaintiff's evidence tended to show that there were no lights or any other warning signals placed on or near the rock pile; that the color of the rock was about the same as that of the surface of the street; that neither plaintiff nor her husband, the driver of the car, saw the rock until after the accident. Defendant's evidence was that there were lights placed upon the rock pile as a warning to the traveling public. Under the evidence we are constrained to affirm the holding by the Kansas City Court of Appeals on the former appeal that whether or not plaintiff was guilty of contributory negligence was a question for the jury. See cases cited by the Court of Appeals. [Also Lynch v. M., K. & T. Ry. Co., 333 Mo. 89, 61 S. W. (2d) l. c. 920 (1, 2); Wilmore v. Holmes, 7 S. W. (2d) l. c. 411.]

Defendant, Kansas City, also contends that the trial court erred in not sustaining its demurrer to the evidence because plaintiff gave no statutory notice of the accident as provided for by Section 7493, Revised Statutes 1929. Plaintiff was injured December 24, 1923. She filed her petition in the circuit court on February 8, 1924. It was served on defendant February 12, 1924. Defendant city filed a motion for costs in the case, March 12, 1924. All this took place within ninety days. The filing of a suit and service on the defendant city within ninety days were sufficient notice to comply with the statute. A more formal notice could not have been given. The purpose of the statute is to protect cities against stale claims. The notice required by the statute affords a city a better opportunity to investigate the merits of claims while they are new and while witnesses are available. The purpose of the statute was fulfilled by the filing of the suit and service of the petition on the city. The point is ruled against the defendant. [Johnston v. Kansas City, 243 S. W. l. c. 266 (1), 211 Mo. App. 262.]

It is urged that the contents of the petition were not introduced in evidence and, therefore, there is nothing in the bill of exceptions to show that a sufficient notice, as required by statute, was given.. We have the petition before us in the record proper. It was before the trial court for its inspection. The question of the sufficiency of a notice was for the court and not the jury. [Snowden v. City of St. Joseph, 163 Mo. App. 667, 147 S. W. 1. c. 494 (5) ; Rice v. Kansas City, 16 S. W. (2d) 659.] The petition informed the defendant of the time and place where the alleged injury was received. and the cause thereof. That was sufficient. [Johnston v. Kansas City, supra.]

It is also contended that the question of notice ought to have been embodied in an instruction and a jury required to pass upon the question of whether a notice was in fact given. It is not disputed that the petition was filed and served within ninety days after the injury. At the trial defendant city admitted that it filed a motion in the case within ninety days. It was, therefore, an admitted fact in the record that timely notice was served. The question of notice or no notice did not go to the merits of plaintiff's claim. It would be a travesty on justice to reverse and remand this case for the alleged error. A jury, under the record, could not rightly have found that no notice was given when the record conclusively showed that notice was given, and that fact was admitted at the trial. [Berkbigler v. Scott County Milling Company, 275 S. W. 1. c. 600 (2).] In that case the Springfield Court of Appeals announced the following sound doctrine which may be applied to this and similar cases:

"The record proper shows the petition was filed July 10, 1924, and summons duly issued on that date. The trial court, under this record, could have instructed the jury the suit was filed within the time required by law. Defendant is in no way injured by the court's failure to so instruct. Under Sections 1276, 1550, Revised Statutes of Missouri 1919, this court should not reverse a cause for harmless error. Moreover, the record indicates the defendant practically admits the petition was filed within the time plaintiff had the right to sue, and there was no controversy on that point. It was not therefore error for the trial court to assume the existence of that fact under the circumstances of this case. [Ward v. Express Co. (Mo. App.), 259 S. W. 514.] We do not believe this case should be reversed simply for failure to instruct on a matter clearly shown by the record."

The contention is made that plaintiff's Instruction No. 2 was erroneous because it did not require the jury to find that the defendant city knew of the presence of the rock pile or that it was there a sufficient length of time so as to constitute constructive notice. Quoting the instruction on the points in question it reads:

". . . and that they negligently permitted said pile of rock to be and to remain in said street without any light or warning signal being placed on said pile of rock *after they knew or by the exercise of ordinary care could have known that said pile was dangerous to persons driving along said street at night, if so, and could reasonably have anticipated that injury would have resulted to persons using said street, in time by the exercise of ordinary care to have removed said rock or leave a light or warning signal on or near said rock and in time by the exercise of ordinary care to have prevented the accident to plaintiff."* (Italics ours.)

The instruction is not subject to the criticism made. It contains the very element that the defendant contends was omitted.

■ The defendant contends that the verdict is grossly excessive. At the first trial a jury assessed plaintiff's damages at $8,000. Three years later at the second trial a jury assessed her damages at $10,000. Plaintiff's evidence tended to prove that her condition had not improved. Her evidence showed that she was twenty years of age at the time of the accident and a strong, healthy woman. She was earning twenty dollars per week at a telephone office and also attending to her household duties. Six weeks after she received the injuries complained of she returned to work but was assigned to a different task because she was not able, on account of her injuries, to do the same work she had done previously. After a few months she was forced to give up her work entirely at the telephone office and was not able to do all of her household duties. A number of doctors testified that plaintiff received an injury to her back which in their opinion was a permanent injury; that it would cause her much pain and suffering in the future; also that her injuries had in the past and would in the future materially reduce her capacity to do any kind of work. Plaintiff weighed about 160 pounds prior to her injury. At the time of her second trial she weighed 127 pounds. Since her alleged injuries complained of she has been highly nervous and her general health materially affected. The second trial occurred nearly six years after plaintiff received her injuries. The loss of earnings during those years equals about one-half the amount of the verdict.

Appellate courts should not disturb a finding of the jury on the measure of damages unless it is apparent from the record that the verdict is either grossly excessive or grossly inadequate. The amount of the verdict in this case is not excessive when compared with Lackey v. Missouri and K. I. Railroad Co., 305 Mo. 260, 264 S. W. 807; Crews v. Schmucke Hauling & Storage Co., 8 S. W. (2d) 624; Irwin v. St. Louis-San Francisco Ry. Co., 325 Mo. 1019, 30 S. W. (2d) 56.

■ Defendant claims the trial court should have granted a new trial because two of the jurors on the *voir dire* examination did not

disclose certain facts, which if they had disclosed would have caused defendant to strike them from the list of jurors. Both of these jurors remained on the panel that tried the case. This question was presented to the trial court by affidavits. Juror Thomas Hogan, it is claimed, failed to disclose that his brother then had pending an action for damages against the Kansas City Railways Company. In an affidavit the juror said that he had not been on friendly terms with his brother and knew nothing of the suit pending at the time of the trial and, therefore, did not disclose the fact.

Another juror, George H. Parrent, was asked if he was acquainted with Frank Quinn, an associate of plaintiff's attorney. Defendant filed affidavits that the juror denied knowing Quinn when in fact he was well acquainted with him. The plaintiff filed affidavits and also the affidavit of the juror that he did disclose his acquaintenance with Quinn when asked with reference thereto on the *voir dire* examination. The defendant's attorneys were entitled to the information sought to be elicited from the jurors. If juror Hogan had known of his brother's damage suit, that fact would not have disqualified him as a juror. Neither did a close acquaintance between juror Parrent and Quinn disqualify Parrent as a juror. Such information, however, was of value to the attorneys in selecting the jurors to try the case.

However, there is a sharp dispute in the affidavits as to the answer made by juror Parrent. The other juror, Hogan, claims he did not possess the knowledge sought to be elicited. Under these circumstances we are in no position to convict the trial court of error. It was in a much better position to determine whether an injustice was done defendant. We must, therefore, defer to its ruling.

Finding no reversible error in the record, the judgment of the trial court is affirmed. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.