**Verge LEMMON, Plaintiff,**

v.

**Adelbert CLAYTON, Jason C. Smith, Fran Blonquist, Ernest Weick, L. A. Burrell, Dale Fenich, Adolph Eggers, and J. M. Bettis, Defendants.**

Civ. 3091.

United States District Court, D. Idaho, S. D.

Feb. 25, 1955.

772

Anderson & Anderson, Pocatello, Idaho, for plaintiff.

Elam & Burke, Boise, Idaho, for defendant Clayton.

Kibler & Beebe, Nampa, Idaho, for other defendants.

TAYLOR, District Judge.

This cause is before the Court on a motion to dismiss made by all of the above-named defendants except Adelbert Clayton. Oral argument having been waived, the motion is here on briefs of counsel. Defendants moving for dismissal are the Mayor and Councilmen of the City of Caldwell, Idaho.

The question is whether the Mayor and City Councilmen of a city of the second class of the State of Idaho may be held individually liable to an injured party for their and the municipality's failure to keep city streets in a reasonably safe condition for the traveling public.

This is an action in tort for damages for personal injuries sustained by plaintiff as a result of an automobile accident. According to the allegations in the amended complaint, plaintiff was injured because and as a proximate result of these defendants' negligent, careless and heedless failure, "to erect and maintain or cause to be erected and maintained warning signs that said Hannibal Street came to said dead end and also in that there were no lights, signs, barriers along said Boise Avenue into which said Hannibal Street terminated and that said condition had existed there at said time and place for many months and was known to said defendants other than Clayton, * * *." Amended Complaint, Paragraph XV. The car in which plaintiff was riding allegedly was driven from said Hannibal Street onto and across said Boise Avenue and into a drain ditch running parallel to Boise Avenue six feet beyond the end of the

hard surface, said drain ditch allegedly being fifteen feet wide and eight feet deep with steep stone walls along its sides.

As to Jason C. Smith, Mayor of the City of Caldwell, one of the moving defendants, counsel for plaintiff has not furnished authority, and this Court has not discovered any supporting the theory that one in his position has a duty to see to the maintenance of streets within the municipality. Since no such duty appears, there can be no breach thereof, and no individual liability.

The serious issue presented, which is one of first impression within this jurisdiction so far as this Court has been able to discover, is whether Councilmen may be individually liable for the failure to maintain the streets in a reasonably safe condition.

As recently as 1950, Justice Taylor of the Supreme Court of Idaho, in a dissenting opinion, noted the established law of the State of Idaho in regard to the duty of cities with respect to their streets and alleys as follows: "The primary duty of the city with respect to its streets and alleys is to 'keep them in a reasonably safe condition for use by travelers in the usual modes' ", and that, "To this primary duty, the statutes add that of keeping the streets free from nuisances. 50–1141, 52–101, 18–5901, I.C." Splinter v. City of Nampa, 1950, 70 Idaho 287, 215 P.2d 999, 1004, 17 A. L.R.2d 665, and cases cited; esp., Carson v. Genesee, 1903, 9 Idaho 244, 74 P. 862.

It follows that if this action had been properly commenced against the municipal corporation, the complaint would state sufficient facts upon which relief could be granted. Under circumstances then where the city might conceivably have been liable for negligence in the maintenance of its streets, and since by statute it is the duty of the Council to see to the maintenance of such streets for and on behalf of the city; Section 50–1141, I.C.; can the Councilmen of the city be held individually liable for a failure to perform such duty? So far as this Court has been able to determine, although the Supreme Court of Idaho has not had this question squarely before it, jurisdictions other than Idaho have apparently decided the question in the affirmative.

In the opinion of this Court, Strickfaden v. Greencreek Highway Dist., 1926, 42 Idaho 738, 248 P. 456, 463, 49 A.L.R. 1057, holds by implication that, in a situation such as the one we are here considering, Councilmen may be individually liable. In that decision, the Supreme Court of Idaho, Justice Givens writing for the Court, stated, "It is not alleged that the commissioners of the district had failed to exercise due care in securing a competent man as Director of Highways and there is no evidence that they had actual knowledge of the negligent manner in which the work was being performed or that they participated in such work. The court, therefore, did not err in granting a nonsuit in their [the commissioners] favor." It follows, then, that had there been such an allegation of failure to exercise due care or had there been evidence of actual knowledge or participation, the situation there would have been materially altered; i. e., that under a proper set of facts such commissioners could be individually liable.

The bearing of the above holding upon possible individual liability of City Councilmen is pointed up by the following passages of the same decision.

"* * * a municipality in the care and maintenance of its streets is performing a ministerial or private duty which it owes to the individuals it impliedly invites to travel over its streets, and for negligence in performing such functions the municipality is liable."

"As indicated elsewhere herein, municipalities are in this state liable for their torts; if therefore, highway districts were not liable for their torts, since cities are, we would have the anomalous condition of a

city as a division of a highway district not liable."

"Even though it were said that the duty of maintaining and caring for streets was a governmental function, the likeness of a highway district to a municipality with respect to road building would permit holding the highway district liable, in line with the decisions, stating that though such duty is governmental, the duty is imposed upon them and adequate funds have been provided to build and safely maintain its roads."

"Highway officers *as well as other public officers* are in general liable for injury in consequence of their malfeasance or nonfeasance in the performance of ministerial duties." [Emphasis supplied.]

In Strickfaden, the Supreme Court reasoned its opinion from C.S. § 1568, compiled currently in the Idaho statutes as Section 40-1665, I.C., which provides in part, as follows:

"40-1665. Cities, towns or villages included in highway districts —Powers and duties of city council or board of trustees.—* * * Each such incorporated city, town, or village, or portion thereof, within a highway district, shall constitute a separate division of the district under this chapter, and the city council of each such city, and the board of trustees of each such town or village, so far as relates to their city, town or village, shall have the powers conferred, and must perform the duties imposed, upon the highway board of such highway district, by this chapter. Each such city council and board of trustees must appoint a road overseer, who must, within such city, town or village, have the powers conferred, and perform the duties, imposed by this chapter, on deputy directors of highways; in respect to such city councils, board of trustees and road overseers of any city, town or village, lying within a highway district, the powers and duties of such council, board or road overseer shall be as declared in this section, and the provisions of section 40-522 shall not apply thereto. Each such city council or board of trustees may remove the overseer, or may require a bond or settlement from him at any time, and must fill any vacancy in such office; and regulate the length, grade and size of bridges, causeways and culverts; may provide for the construction and maintenance of sewers, sidewalks and street crossings, and the grade and construction and maintenance of streets and alleys, and have all the powers as to streets and alleys conferred by their respective charters or acts of incorporation, and by this chapter."

■ Inasmuch as Strickfaden holds that commissioners of a highway district can be held individually liable for negligence in the performance of their official duty where rather stringent requirements of pleading and proof are met, and inasmuch as the Supreme Court there termed as "anomalous" a possible differentiation between the duties and liabilities of municipalities and highway districts and therefore refused to set down different rules as to said districts, this Court is constrained to find a similarity between the duties and liabilities of highway commissioners and city councilmen. The amended complaint on file herein, alleging negligent performance of a ministerial duty and actual knowledge of the resulting dangerous situation proximately resulting in plaintiff's injury, states a claim upon which relief can be granted as against said Councilmen.

■ It is urged by the moving defendants that the amended complaint clearly shows that the negligence of the defendant Clayton was the proximate cause of the accident. The ultimate questions of negligence and proximate cause, however, are for the trier of the facts when developed. This Court at the present time is merely passing upon the sufficiency of the amended complaint.

It is also vigorously urged that inasmuch as plaintiff failed to file his claim against the city within the time prescribed by statute as a prerequisite to commencing such an action, he should likewise be precluded from proceeding against these defendants. The statute in regard to filing a claim against the city before commencing an action, however, does not require that such claim be filed before commencing an action against others who might be jointly or severally liable. Sections 50–2010, I.C., and 50–1910, I.C. Consequently, it is the Court's conclusion that such a defense is not available to these defendants.

In view of the above and foregoing, it is ordered that as to the defendant Jason C. Smith, the motion to dismiss should be, and the same hereby is, granted. As to the defendants Fran Blonquist, Ernest Weick, L. A. Burrell, Dale Fenich, Adolph Eggers, and J. M. Bettis, the City Councilmen, said motion should be, and the same hereby is, denied.