484 P.2d 739

**Claire B. CARTER, Plaintiff-Appellant,**

v.

**George R. ALLAN et al., Defendants-Respondents.**

**No. 10663.**

Supreme Court of Idaho.

May 4, 1971.

E. Lee Schlender, Ketchum, for plaintiff-appellant.

Parry, Robertson, Daly & Larson, Twin Falls, for defendants-respondents.

SHEPARD, Justice.

This case was brought against the mayor and councilmen of the City of Hailey in their individual capacities as a result of the plaintiff tripping and falling over a ridge in a sidewalk.

Plaintiff-appellant, Claire B. Carter (hereinafter plaintiff), tripped and fell over a ridge in a sidewalk in Hailey, Idaho, immediately following her departure from the office of Ensign, Davies and Ensign. Plaintiff allegedly sustained certain damages from her fall. The action was initiated against Ensign, Davies and Ensign, and the mayor and city councilmen of Hailey in their individual capacities. The City of Hailey was thereafter joined as a third party defendant.

Upon motion therefor, the trial court entered summary judgment in favor of defendant Ensign, Davies and Ensign, and there is no appeal from that judgment. The remaining defendants moved for dismissal of the action, and the trial court treated the motion as one for summary judgment. Summary judgment was entered by the trial court in favor of all remaining defendants and plaintiff appeals therefrom. We affirm the judgment of the trial court.

There is no question or argument but that plaintiff failed to give proper notice to the City of Hailey of her alleged accident and claim within the time period required by I.C. § 50–219, and she is therefore barred from suit against the City of Hailey. The sole remaining question necessary to the decision in this case is that of the individual liability of city councilmen and mayors of cities for "negligence" in maintenance of sidewalks. Plaintiff presents no argument or authority supporting the theory that one in the position of mayor of a municipality has a duty to see to the maintenance of streets or sidewalks. On the contrary, plaintiff relies heavily upon the case of Lemmon v. Clayton, 128 F.Supp. 771 (D.Idaho, S.D.1955). The court in that case stated specifically that there was no such duty on the part of a mayor and therefore could be no liability. We hold that the summary judgment in favor of the mayor of the City of Hailey, in his individual capacity, was proper.

As stated, plaintiff relies heavily on the case of Lemmon v. Clayton, supra. That court in its opinion stated:

"In the opinion of this Court, Strickfaden v. Greencreek Highway Dist., 1926, 42 Idaho 738, 248 P. 456, 463, 49 A.L.R. 1057, holds by implication that, in a sit-

uation such as the one we are here considering, Councilmen may be individually liable. * * *

"* * *

"Inasmuch as Strickfaden holds that commissioners of a highway district can be held individually liable for negligence in the performance of their official duty where rather stringent requirements of pleading and proof are met, * * * this Court is constrained to find a similarity between the duties and liabilities of highway commissioners and city councilmen." 128 F.Supp. 771, 773–774.

We are unable to join with the federal court in its analysis of the pertinent Idaho law based on implications of Strickfaden v. Greencreek Highway District, 42 Idaho 738, 248 P. 456 (1926). In *Strickfaden* an open ditch had been dug across a highway within the Greencreek Highway District. Plaintiffs therein, having sustained damages, brought suit against the highway district, the three commissioners of the district, and the superintendent in charge of the construction work. At the conclusion of the plaintiff's case, a nonsuit was granted in favor of the three highway commissioners. The court on appeal stated:

"Whether or not the act in question was discretionary or whether the district had funds to perform the work does not arise in this case for the reason that the work had already been commenced and was being performed at the time the accident happened. It is not alleged that the commissioners of the district had failed to exercise due care in securing a competent man as Director of Highways and there is no evidence that they had actual knowledge of the negligent manner in which the work was being performed or that they participated in such work. *The court, therefore, did not err in granting a nonsuit in their favor.*" (Emphasis added.) 42 Idaho 738, 765, 248 P. 456, 463.

The federal court in Lemmon v. Clayton, supra, evidently reasoned from the above quoted language in *Strickfaden* that an allegation that officers of the city had actual knowledge of a "dangerous situation," stated a claim upon which relief could be granted as against councilmen individually. We do not agree. *Strickfaden* involved work actually in progress. Neither *Lemmon* nor the case at bar involved any work in progress, but rather the maintenance of a so-called dangerous condition. Although the distinction may be a narrow one, we are inclined to believe that such is a substantial distinction since in the language of *Strickfaden* the continuation of a dangerous condition may depend upon whether or not the governmental entity has funds with which to perform work to remedy the so-called dangerous condition. As pointed out in *Strickfaden*, such was not a factor in that case for the reason that the work had already been commenced and was being performed at the time the accident occurred. We further disagree that the mere allegation of actual knowledge of a dangerous condition is sufficient under the guidelines laid down in *Strickfaden*.

In any event, however, this Court in Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970), in a landmark decision struck down, in part at least, the ancient doctrine of sovereign immunity within the State of Idaho insofar as it pertains to the maintenance of highways by the State of Idaho. In that case, however, this Court restricted the doctrine by stating:

"We further find that the members of the Highway Department cannot be held individually liable for acts which they have not personally performed." 93 Idaho 795, 809, 473 P.2d 937, 951.

Under current Idaho law members of the state highway department cannot be held individually and personally liable for acts which they did not themselves perform. No less strict a standard may be applied to municipalities and municipal officers. At the very least, personal participation in the alleged negligence must be shown.

The judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., and DONALDSON and SPEAR, JJ., and HAGAN, D. J., concur.