(No. 4738.    December 27, 1927.)

ROBERT DUNN, Appellant, v. BOISE CITY, a Municipal Corporation, Respondent.

[262 Pac. 507.]

MUNICIPAL CORPORATIONS—CLAIMS FOR DAMAGE—NOTICE—SUFFICIENCY —PURPOSE OF STATUTE REQUIRING.

1.    Important purpose of C. S., sec. 3847, providing that all claims for damages against city of first class must be filed within thirty days, and specify time, place, character and cause of damage, as condition precedent to action against city, is to give city notice of claim and opportunity to ascertain extent of injury, cause and whether there is liability.

2.    Claim for damages filed against city of first class, under C. S., sec. 3847, will sustain action against city, and is admissible in evidence, if it so specifies time, place, character and cause of damages that officials of city can investigate injury giving rise to damages.

3.    Claims filed against city of first class for damages caused by breaking of artificial waterway of city, stating that injury accrued "January 29th and following," that property was flooded on January 29th, and for some time thereafter, that damages accrued during flood, and stating name and address of claimant, and that claim was for damage to lot and building from flood waters, *held* sufficient under C. S., sec. 3847, since sufficiently stating time of flood and damage, place of injury, character and

cause of damage, and not insufficient because failing to allege negligence.

4.  C. S., sec. 3847, providing that claim for damages filed against city of first class as condition precedent to action against city must specify time, place, character and cause of damage, requires only substantial compliance.

5.  C. S., sec. 3847, providing that claims for damages against city of first class must be filed within certain time, and specify certain things as condition precedent to action against city, must be construed with its object in mind, and so as not to defeat ends of justice.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Clinton H. Hartson, Judge.

Action for damages. Judgment for defendant. *Reversed and remanded.*

C. H. Edwards and Harry S'. Kessler, for Appellant.

"All claims for damages against the city must be filed with the city clerk within 30 days after the time when such claim for damages shall have accrued, specifying the time, place, character and cause of said damage. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council, and until 60 days have elapsed after such presentation. The allowance of any and all damage claims against the city shall be by ordinance, and not otherwise." (C. S., sec. 3847; 28 Cyc. 1447 (c); 12 Second Dec. Dig., Munic. Corp., sec. 812; *Cook v. City of Topeka,* 75 Kan. 534, 90 Pac. 244.)

---

Publisher's Note.

3.  Sufficiency of description of injury in notice, see note in 20 L. R. A., N. S., 804.

4.  See 19 R. C. L. 1044.

See Municipal Corporations, 43 C. J., sec. 1956, p. 1185, n. 30; sec. 1962, p. 1193, n. 18, 22; sec. 1964, p. 1196, n. 62; sec. 1965, p. 1196, n. 73; sec. 1966, p. 1198, n. 92; sec. 1967, p. 1200, n. 16, p. 1201, n. 18; sec. 1968, p. 1201, n. 24; sec. 2033, p. 1266, n. 76.

The object or purpose of these statutes is to enable the town authorities to examine the place shortly after the alleged injury while the physical facts are unchanged, to enable them to consider the merits of the claim and either to adjust the damages or prepare a defense. (*Hinds v. Hinsdale,* 80 N. H. 346, 116 Atl. 635; *City of Bessemer v. Barnett,* 212 Ala. 202, 102 So. 23; *Falldin v. City of Seattle,* 50 Wash. 561, 97 Pac. 658; *King v. City of Spokane,* 52 Wash. 601, 100 Pac. 997.)

The statutes are quite generally construed as mandatory and to be strictly construed as to the fact of notice, to the proper city officials within the time set and the filing of such notice is a condition precedent to the beginning of an action. (16 Second Dec. Dig., Munic. Corp., 812 (2); 28 Cyc. 1450 and 1452; 19 R. C. L. 1040, sec. 329; *Ogle v. Kansas City* (Mo. App.), 242 S. W. 115; *Burroughs v. City of Lawrence,* 116 Kan. 573, 227 Pac. 328; *Reid v. Kansas City,* 195 Mo. App. 457, 192 S. W. 1047; *City of East Chicago v. Gilbert,* 59 Ind. App. 613, 108 N. E. 29.)

On the other hand, where notice has been given to the proper officers, within the time fixed and in an effort to comply with the statutory requirement, the courts quite as uniformly hold that the statutes should be liberally construed as to the contents of the notice. (28 Cyc. 1453 (h); 19 R. C. L. 1044, sec. 333; White, Negligence, Munic. Corp., sec. 674; *City of Birmingham v. Mauzey,* 214 Ala. 476, 108 So. 382; *Ogle v. Kansas City, supra; Burroughs v. City of Lawrence, supra; Reid v. Kansas City, supra; Bowles v. City of Richmond,* 147 Va. 720, 129 S. E. 489, (on rehearing) 133 S. E. 593; *City of East Chicago v. Gilbert, supra; City of Denver v. Bradbury,* 19 Colo. App. 441, 75 Pac. 1077; *Ray v. City of Council Bluffs,* 193 Iowa, 620, 187 N. W. 447; *Titus v. City of Montesano,* 106 Wash. 608, 181 Pac. 43; *King v. City of Spokane, supra.*)

This rule of liberal construction is so generally adopted that it may fairly be said to be universal. (*Bowles v. City of Richmond* (on rehearing), *supra.*)

Clarence T. Ward, for Respondent.

The city is without jurisdiction to consider and pay the claim until the conditions making it liable for tort have been complied with, and the plaintiff must plead and prove a compliance with such conditions before he states a cause of action or is entitled to recovery. (*Davis v. State,* 30 Ida. 137, Ann. Cas. 1918D, 911, 163 Pac. 373; 19 R. C. L., p. 1041, sec. 329; *Grambs v. Birmingham,* 202 Ala. 490, 80 So. 874; *Schigley v. City of Waseca,* 106 Minn. 94, 16 Ann. Cas. 169, 118 N. W. 259, 19 L. R. A., N. S., 689.)

Failure to specify in the claim filed with the city clerk the place of the damage renders such claim fatally defective where the statute requires it. (*Maloney v. Cook,* 21 R. I. 471, 44 Atl. 692; *Hanan v. City of Wenatchee,* 117 Wash. 279, 201 Pac. 5; *Casey v. City of New York,* 217 N. Y. 192, 111 N. E. 764; *Dolan v. City of Milwaukee,* 89 Wis. 497, 61 N. W. 564; *Purdy v. City of New York,* 193 N. Y. 521, 86 N. E. 560; *Benson v. City of Madison,* 101 Wis. 312, 77 N. W. 161.)

The city has not only the right to know when and where the damage occurred but also when and where it is claimed that it occurred. (*Casey v. City of New York, supra; Weisman v. City of New York,* 219 N. Y. 178, 114 N. E. 70.)

A claim filed with the city clerk pursuant to C. S., sec. 3847, which fails to describe the property injured is fatally defective in this: that it does not state the character of the' damage. (*Harrison Co. v. Atlanta,* 26 Ga. App. 727, 107 S. E. 83; *Neely v. Seattle,* 109 Wash. 266, 186 Pac. 880; *Willett v. Seattle,* 96 Wash. 632, 165 Pac. 876.)

WM. E. LEE, C. J.—During the trial of this action, brought to recover damages for the flooding of appellant's property and that of his assignor, one Baker, by the breaking of an artificial waterway constructed by Boise City, the court refused to admit evidence in support of the allegations of the complaint "unless preceded by notice in compliance with C. S., sec. 3847." Appellant thereupon offered

in evidence claims filed in compliance with the statute, but an objection to their admission was sustained. Refusing an amendment to the complaint and denying certain offers of proof, the court made and entered a judgment of nonsuit, from which this appeal is prosecuted.

[1, 2]   While other reasons may exist for the statutory requirement that "all claims for damages against the city must be filed with the city clerk within thirty days after the time when such claim shall have accrued, specifying the time, place, character and cause of said damage . . . . ," its important purpose, without doubt, is to give the city notice of the claim and the consequent opportunity to ascertain the extent of the injury, investigate its cause and determine the liability of the city. (*Benson v. City of Madison,* 101 Wis. 312, 77 N. W. 161; *City of Bessemer v. Barnett,* 212 Ala. 202, 102 So. 23; *Cook v. City of Topeka,* 75 Kan. 534, 90 Pac. 244; *Hinds v. Hinsdale,* 80 N. H. 346, 116 Atl. 635.) And a claim, filed within the statutory time, should be admitted in evidence if it so specifies the time, place, character and cause of the damages as to enable the officials of the city to investigate the injury for which damages are claimed.

[3]   The claims, filed on February 27, 1925, informed the city the time of the injury was "January 29th and following"; that the property was flooded on January 29th and for some time thereafter, and that the "damages accrued" during the course of the flood. The cause of the injury being of a continuing nature, it is apparent that the time was hardly susceptible of a more definite statement. Since the law requires that all claims for damages must be filed within thirty days after "such claims for damages shall have accrued," the city could not have been misled because of the omission of the year from the "time" set forth. "The damages could not have accrued," for the claims to have any validity, during any other year than 1925. (*King v. City of Spokane,* 52 Wash. 601, 100 Pac. 997.)   The claims were in substantial compliance with the statute and suffi-

ciently informed the city of the time of the flood and the resulting damage.

The claims were identical in form; that of appellant read: "Robert Dunn, 1610 No. 24th St. Boise, Idaho, Dr.   Damage to lot, building . . . . "   Specification of the place of the injury is all that the statute requires, and the place designated was sufficient to direct the attention of the city to the premises located at that address. (*City of East Chicago v. Gilbert*, 59 Ind. App. 613, 108 N. E. 29; *Ellis v. City of Seattle*, 47 Wash. 578, 92 Pac. 431.)

With respect to the requirement that the claims state the "character" of the damage, it may be conceded that in some respects a more elaborate description of the injuries might have been made.   The various items, for which damages are claimed, and the amounts thereof, were set out separately.   If, therefore, either claim specified the "character of the damage" as to any item, it should have been admitted, proof being confined to those items with respect to which the "character" of the damage was sufficiently set forth.   Viewing the claims in this light, they should have been admitted.

The cause of the injury was attributed to "flood waters overflowing from Sand Creek caused by the carelessness and negligence of Boise City. . . . . "   In stating the cause of the injury, it was not, as contended by respondent, necessary to set forth the negligence of the city which resulted in the damages to the property.   The statute demands only that the "cause of said damages" be set forth, and the statute was complied with in giving as the cause of the damage the overflowing of flood waters from Sand Creek.

"The main purpose of the statute is not to require such a statement of the circumstances as to show an absolute liability but rather such information that the authorities may be able to make a full investigation of the cause of the injury and determine the city's liability therefor." (*Anderson v. City of Minneapolis*, 138 Minn. 350, 165 N. W. 134.)

See, also, *Dale v. Webster Co.*, 76 Iowa, 370, 41 N. W. 1; *Spencer v. Sardinia*, 42 App. Div. 472, 59 N. Y. Supp. 412.

[4, 5] Conceding that in such a case as this no recovery can be had without the filing of a claim in accordance with the statute, a substantial compliance is all that is required in "specifying the time, place, character and cause of said damage." (28 Cyc. 1453; 19 R. C. L., sec. 333, p. 1044); *Wagner v. Seattle,* 84 Wash. 275, Ann. Cas. 1916E, 721, and note, 146 Pac. 621; *Bowles v. City of Richmond,* 147 Va. 720, 129 S. E. 489, (on rehearing) 133 S. E. 593; White, Neg. Munic. Corp., sec. 671, p. 796.) The object of the statute must be kept in mind, and it should not be given a construction that will defeat the ends of justice. (*Ray v. City of Council Bluffs,* 193 Iowa, 620, 187 N. W. 447; *Ellis v. City of Seattle, supra; King v. City of Spokane, supra.*) The claims in question were filed within thirty days after the injury specified therein; and they advised the city, sufficiently for the purpose of investigation, of the time, place, character and cause of the damage. This is all the law requires. (*Ogle v. Kansas City* (Mo. App.), 242 S. W. 115; *City of Denver v. Bradbury,* 19 Colo. App. 441, 75 Pac. 1077.) Being sufficient under the statute, the court erred in refusing to admit them in evidence. This conclusion makes it unnecessary to consider other assignments and necessitates a reversal of the judgment.

Judgment reversed. Costs to appellant.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.