■ RONALD FORNARO, an Infant, by His Father and Natural Guardian, JOSEPH FORNARO, Appellant. v. TOWN OF CLARKSTOWN, Respondent.— In a renewed proceeding for leave to serve a notice of claim against the Town of Clarkstown pursuant to subdivision 5 of section 50-e of the General Municipal Law, the appeal is from an order of the Supreme Court, Rockland County,

dated February 27, 1973 and entered March 5, 1973, which denied the application. Order reversed, with $20 costs and disbursements, and application granted. The time within which the notice of claim may be served is extended to 30 days after entry of the order to be made hereon. On February 25, 1972, when the infant claimant, Ronald Fornaro, was 13 years old, he was riding in a school bus returning from a trip sponsored by the Clarkstown Recreation Commission. He was assaulted and seriously injured by older children on the bus. Negligence of the Town of Clarkstown is claimed to reside in the fact that the teachers on the bus did not properly supervise the trip. Ten days later, well within the statutory 90-day period, Ronald's retained counsel wrote to the Clarkstown Recreation Commission. This letter clearly indicates that Ronald intended to hold the municipality liable. Approximately eight months after the injury, Ronald brought the original application for leave to file a late notice of claim. That application was denied, with leave to renew upon a showing that the delay had been caused by Ronald's infancy. On January 3, 1973, the instant renewed application was brought, in which it was asserted that the child lacked " the mental capacity to assert promptly any of his legal rights, nor was he sufficiently knowledgeable to protect such rights." The renewed application was denied, Special Term holding that the delay was not in any substantial degree attributable to the disability of infancy. We disagree. It is clear that, except in a rare instance, a child of 13 lacks the acumen to appreciate that through inadvertence of counsel certain of his rights will be lost. This impediment may reasonably be presumed to attend infancy (*Matter of Murray* v. *City of New York*, 30 N Y 2d 113; *Kern* v. *Central Free School Dist. No. 4*, 25 A D 2d 867; *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951). A 13-year-old child cannot reasonably be required to press his claim when his attorney fails to do so. And to the extent that the child is not required to do so, his infancy is quite properly considered causative of the delay. Accordingly, it was an abuse of discretion not to permit appellant to serve a late notice of claim. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.