[No. 842-2. Division Two. December 20, 1974.]

GERALD HUNTER, JR., *Appellant*, v. NORTH MASON HIGH SCHOOL *et al., Respondents.*

 

*Geoffrey C. Cross* (of *Hoff & Cross*), for appellant.

*Leonard Costello* and *John A. Bishop* (of *Bishop, Cunningham & Costello*) and *Paul Sinnitt* and *Carl Teitge*, for respondents.

PEARSON, C.J.—Plaintiff, a minor, suffered a knee injury while playing rugby during a high school physical education class. After the accident occurred, the plaintiff's father consulted the defendant Lackey, the school principal, who notified the school superintendent and the school's insurance carrier. The plaintiff, his father, and the defendant Lackey were all unaware of the existence of RCW 4.96.020 (a "nonclaim" statute) which provides that tort claims against political subdivisions, municipal and quasi-municipal corporations must be filed within 120 days from the date the cause of action arose. About 11 months after the plaintiff's injury occurred he filed his claim; subsequently he commenced this action. The defendant school district was dismissed because of the plaintiff's failure to file within the 120-day period. Plaintiff appeals from this order of dismissal, and also objects to the trial court's refusal to grant a change of venue in the suit remaining against the individual defendants.

We hold, for the reasons set forth below, that as a matter of law the plaintiff's incapacity as a minor excuses his compliance with RCW 4.96.020. We therefore order the reinstatement of the school district as a party defendant. We affirm, however, the trial court's order regarding the change of venue.

 Recently the Supreme Court of this state held that RCW 4.92.100, the 120-day "nonclaim" statute pertaining to the state, could not be constitutionally applied to a minor

whose severely disabling injury prevented her from asserting her claim within the statutory period.[1] *Cook v. State*, 83 Wn.2d 599, 521 P.2d 725 (1974). There the court discussed the minority status of the plaintiff as well as the limited education of the only interested adult, the plaintiff's mother. The plaintiff's physical incapacity was apparently, however, the real basis for the court's decision. A majority of the court reasoned that basic principles of due process and equal protection compel the conclusion that compliance with the 120-day filing period requirement will be excused when the plaintiff is so severely injured that compliance would be difficult or impossible.[2] Previous decisions to the contrary were held to be in error.

Although there is no evidence that the plaintiff in the instant case suffered injuries which approached the severity of those of the plaintiff in the *Cook* case, the Fourteenth Amendment principles upon which that decision was predicated form the basis for our holding now. We believe that the basic concepts of due process and equal protection favor an extension of the decision in *Cook*. Simply stated, it would be fundamentally unfair for a minor to be denied his recourse to the courts because of circumstances which are both legally and practically beyond his control. The legal disabilities of minors have been firmly established by common law and statute. They were established for the protection of minors, and not as a bar to the enforcement of their rights. 43 C.J.S. *Infants* § 19 (1945). The legislature recognized this when it inserted the provision in RCW 4.96.020 allowing a relative, agent or attorney to file a claim on

[1] RCW 4.92.100 applies to claims against the State of Washington, while RCW 4.96.020 pertains to actions against political subdivisions, municipal corporations, and quasi-municipal corporations. The statutes are nearly identical, and both allow an agent, attorney or relative of a minor to file a claim on his behalf.

[2] The plaintiff in this action challenged the facial constitutionality of RCW 4.92.100. This challenge was disposed of by the court in *Cook v. State*, 83 Wn.2d 599, 521 P.2d 725 (1974), wherein five members of the court upheld the statute's constitutionality. Three concurring justices disagreed with the majority's conclusion in that respect.

behalf of the minor. However, any argument that this provision sufficiently protects the interests of the minor was disposed of in the *Cook* decision, wherein it was stated:

> The possibility that a friend or relative may possess the foresight to file a timely claim on behalf of an incapacitated victim, in our view, provides too slender a reed to bridge the inherent discrimination, and it becomes arbitrary and unreasonable when it penalizes the incapacitated if a friend or relative through inadvertence or ignorance fails to act.

*Cook v. State, supra* at 605. *Accord, McDonald v. Spring Valley,* 285 Ill. 52, 120 N.E. 476, 2 A.L.R. 1359 (1918); *Lazich v. Belanger,* 111 Mont. 48, 105 P.2d 738 (1940); *Murphy v. Fort Edward,* 213 N.Y. 397, 107 N.E. 716 (1915); *McCrary v. Odessa,* 482 S.W.2d 151 (Tex. 1972).

We believe that the extent of the minor's physical injuries becomes immaterial when in any event the minor is legally incapable of preserving his claim. A minor lacks the capacity to appoint an attorney, and his capacity to appoint an agent is disputable. 43 C.J.S. *Infants* § 23 (1945). As stated, his right of action should not depend on the good fortune of having an astute relative or friend to take the proper steps on his behalf. As succinctly explained in *McCrary v. Odessa, supra* at 153, "[t]he reason for excusing compliance upon proof of such facts is that notice provisions presuppose the existence of a person capable of complying."

It is noteworthy that minority alone is a disability which tolls the general statute of limitations. RCW 4.16.190. There is no reason why the minor should not be similarly protected when the alleged wrongdoer is a governmental entity. To grant the minor protection in one situation and not the other is arbitrary and manifestly unjust.

Although there is a split of authority on this subject, a number of jurisdictions have held that minority as a matter of law excuses compliance with local "nonclaim" statutes. *E.g., Barnesville v. Powell,* 124 Ga. App. 132, 183 S.E.2d 55 (1971); *McDonald v. Spring Valley, supra; Lazich v. Belan-*

*ger, supra; McCrary v. Odessa, supra.* Other jurisdictions have held that it may be a question of fact for the jury, especially during the later years of minority. *E.g., Alexander v. Gordon,* 147 So. 2d 595 (Fla. App. 1962); *Carter v. Greensboro,* 249 N.C. 328, 106 S.E.2d 564 (1959); *Murphy v. Fort Edward, supra.*

We think the former approach is preferable and hold that a person under the age of 18 is as a matter of law excused from compliance with RCW 4.96.020. Also, pursuant to *Cook v. State, supra,* we hold that the right of action must be preserved by filing the claim within 120 days from the removal of the disability. Our reason is that the minor, whether mature or immature, seriously disabled or otherwise, lacks the means for personally complying with the statute until the time the disability caused by his age is removed. No useful purpose would be served in basing the obligation to comply solely upon a determination of the minor's maturity or other unpredictable factual consideration.

■ We affirm the trial court's order denying plaintiff's motion for a change of venue. Such an order will not be reversed, absent a showing of an abuse of discretion on the part of the trial court. *State v. Sayward,* 63 Wn.2d 485, 387 P.2d 746 (1963). Plaintiff contends that he was contacted by persons expressing their displeasure over this suit against the school and school employees. Plaintiff also alleges unfavorable publicity, but the specifics of that publicity are not set out in the record. Plaintiff has not presented us with facts sufficient to convince us that he could not receive a fair trial in Mason County or that there is anything about the case which would impassion the populace in that area from which the jurors would be selected.

Reversed and remanded.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied January 30, 1975.

Review granted by Supreme Court March 25, 1975.