539 P.2d 987

The INDEPENDENT SCHOOL DISTRICT OF BOISE CITY et al., Plaintiffs,

v.

Marion J. CALLISTER, Judge of the District Court of the Fourth Judicial District for the State of Idaho, IN AND FOR the COUNTY OF ADA, Defendant.

No. 11744.

Supreme Court of Idaho.

Aug. 12, 1975.

Rehearing Denied Oct. 3, 1975.

**60**

John W. Barrett and Michael G. Brady, Moffatt, Thomas, Barrett & Blanton, Boise, for plaintiffs.

Ellison W. Matthews, Matthews & Lee, Boise, for defendant.

SHEPARD, Justice.

This is an original proceeding seeking a writ of mandate against a district judge. Parties to special proceedings are properly referred to as "plaintiff" and "defendant," I.C. § 7–101, however, herein, to avoid confusing the parties here with those in the case below the litigants here are called "petitioners" and "respondent." Petitioners here are defendants in a personal injury case in the district court. Plaintiff below, R. Scott Patterson, brought suit for damages resulting from personal injuries suffered during school hours. In the court below, petitioners moved for summary judgment, asserting that plaintiff had failed to comply with the requirements of I.C. § 6–906 and § 6–908 in that he failed to file a notice of claim with the proper governmental agency within 120 days of the time his cause of action arose. The district judge denied defendant's motion for summary judgment on the ground that the said statutes do not apply to minors. Rather, the district judge granted a motion by plaintiffs to strike all those defenses relating to the notice of claim requirement. This case presents questions regarding the constitutionality of the notice statute; whether the statutory notice period is tolled during the minority and/or incapacitation of a claimant and whether actual notice tolls the statutory notice of claim requirement.

Patterson, (plaintiff below) was a student at Capital High School in Boise, Idaho and on November 24, 1971 was injured in a trampoline accident while participating in a physical education class at the school. He was a minor at that time but attained his majority on January 20, 1973. A claim for damages resulting from the accident was filed on May 7, 1973, almost a year and a half after the accident, but within 120 days of his attainment of majority. That claim was denied by the school district and suit instituted on November 23,

1973. Defendant below moved for summary judgment on the basis of failure to comply with the notice of claim statute which motion was denied. Plaintiff's motion to strike the defenses related to the statutory notice of claim was granted. Upon application, this court issued its alternative writ ordering the district judge to show cause why his order granting plaintiff's motion to strike and denying defendant's motion for summary judgment should not be vacated and he be ordered to grant defendants' motion for summary judgment.

A writ of mandate will not ordinarily issue to control the discretionary decision of a lower court, *Freeman v. McQuade,* 80 Idaho 387, 331 P.2d 263 (1958); *Felton v. Prather,* 95 Idaho 280, 506 P.2d 1353 (1973). However the parties hereto raise no issue as to that point. Petitioners contend that the failure of the district judge to apply the notice of claim statute was an abuse of his discretion and that the application of established law under undisputed facts require that his discretion can be exercised in but one way. They further argue that to require them to proceed to trial would involve only the determination of irrelevant collateral issues, would waste judicial resources and hence serve no purpose. They argue therefore that they are without a plain, speedy and adequate remedy in the ordinary course of law.

Whether a writ should issue in such circumstances is a matter committed to the discretion of this court. *Hunke v. Foote,* 84 Idaho 391, 373 P.2d 322 (1962). We deem the issues presented here to be of great moment and require speedy resolution. It is also clear that the issues, excepting only that discussed infra, are solely questions of law. Therefore, we are more liberal in the entertaining of a writ of mandate when dealing with new and important legal questions of statewide concern. *See Rich v. Williams,* 81 Idaho 311, 341 P.2d 432 (1959); *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L. Ed.2d 152 (1964). With the caveat that

only under such extraordinary circumstances as are present here will the normal appellate processes be circumvented, this court issued its alternative writ and we now proceed to a consideration of the issues. *Compare Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974).

I.C. § 6–906 provides:

"6–906. *Filing claims against political subdivision—Time.*—All claims against a political subdivision arising under the provisions of this act shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date the claim arose or reasonably should have been discovered, whichever is later."

I.C. § 6–908 requires compliance by filing claims as a prerequisite to an action against a governmental entity.

Our opinion in *Newlan v. State* and *Agost v. State,* 96 Idaho 711, 535 P.2d 1348 (1975), is dispositive of the arguments raised by respondents herein regarding the unconstitutionality of the statute. Therein we further stated that compliance with the statute is mandatory. In *Newlan* and *Agost* we further held that there was not present actual notice to the state so as to make literal compliance unnecessary and in this regard we distinguished *Jorstad v. City of Lewiston,* 93 Idaho 122, 456 P.2d 766 (1969).

This case, however, presents new questions not encompassed by the facts of *Newlan* or *Agost.* Plaintiff below argues first that because the Independent School District of Boise operates by virtue of a charter from the Idaho Territorial Legislature it is not subject to the notice of claim requirement of the Idaho Tort Claims Act because such is general legislation and only special legislation affects the said Independent School District. *Bagley v. Gilbert,* 63 Idaho 494, 122 P.2d 227 (1942). *Bagley,* however, provides that the provisions of a special charter supersede and prevail over any inconsistent provisions contained in the

general law pertaining to matters of a local concern. We find no provision of the Tort Claims Act to be inconsistent with any provision of the special charter of the school district. The legislature included all public corporations within the definition of a "political subdivision" for purposes of the Idaho Tort Claims Act. Therefore, we hold that the statutory notice of claim requirement does apply to the Boise Independent School District.

■ Plaintiff below, also argued that the notice of claim is not required when recovery is sought from the liability carrier of the governmental entity. No insurance company is a party to the action and we find such argument to be without merit.

■ The district court accepted the argument of plaintiff there that the notice period of the statute is tolled during the minority of the claimant, particularly in view of the fact that he was incapacitated. (The record appears to be clear that plaintiff became a quadriplegic occasioned by the injuries sustained in the accident). Plaintiff below argued that he complied with the statute since he filed a notice of claim within 120 days of attaining his majority. That question has never been presented to this court but in other states there is a split in authority. *See generally* 34 A.L.R.2d 725 (1954), and 44 A.L.R.2d 1108 (1972). Other states and the district judge in the court below reason that minors should be excepted from the coverage of the statutory notice requirements since it would be unfair to deprive such a person of his claim because he could not act and others refused to act for him. A distinguishing factor is that in such cases the statutes have contained no reference to minors or the incapacitated. Such is not the case with the Idaho Tort Claims Act which provides in pertinent part in I.C. § 6–907:

"* * * If the claimant is incapacitated from presenting and filing his claim within the time prescribed or if the claimant is a minor * * * the claim

may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant."

Such statutory language makes clear that minors and those suffering incapacities were not intended to be exempted from the requirements of the act.

■ Plaintiff below urges our adoption of the ruling of *Cook v. State,* 83 Wash.2d 599, 521 P.2d 725 (1974). In that case the plaintiff was a 13 year old girl who had been severely injured in an accident and was incapacitated until the statutory notice period had expired. Her mother was allegedly uneducated, grief stricken and failed to file the notice of claim for the child. The Washington court, relying heavily on *Maier v. Ketchikan,* 403 P.2d 34 (Alaska 1965), held that it would do violence to due process and equal protection concepts to apply that statute against the plaintiff, and the court concluded that in such cases where the facts of incapacity justified it, a reasonable time within which a claim could be filed would be 120 days following the removal of the disability. In Washington the statute provided that the claim must be filed "within one hundred twenty days from the date that the claim arose." *Cook v. State,* 521 P.2d at 726. In Idaho, however, the statutory time is measured "from the date the claim arose or *reasonably should have been discovered,* whichever is later." I.C. § 6–906 (Emphasis supplied). The Idaho statute has given greater consideration to disability than has the Washington statute and is more liberal in that regard. Therefore we are not required to apply a strained construction to our statute. Minority and incapacitation are but two factors which may be considered in deciding whether a claim reasonably should have been discovered.

■ It is undisputed here that plaintiff was both a minor and substantially incapacitated by his injury. However, it is also undisputed that plaintiff's mother contacted a lawyer in connection with the injury immediately after the accident. This

court has not had occasion to interpret the language "from the date the claim arose *or reasonably should have been discovered* * * * ." I.C. § 6–906. We now hold our statute requires a resolution of fact for the court below.

 Respondent here argues that the notice of claim requirement is but a statute of limitations and thus tolled for minors. We reject that argument since the Tort Claims Act has an express statute of limitations which begins to run commencing with the filing of the notice of claim. I.C. § 6–911. Statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute. *See* e. g., I.C. § 5–230. *See also Fry v. Willamalane Park & Recreation District,* 4 Or.App. 575, 481 P.2d 648 (1971).

 Plaintiff below also argues that the governmental entity (defendant below) had substantial actual notice of the injury. Substantial actual notice was held to be an exemption from a statutory notice requirement in *Jorstad v. City of Lewiston,* 93 Idaho 122, 456 P.2d 766 (1969). In *Newlan v. State, supra,* we questioned the continued validity of *Jorstad* in light of subsequent events, i. e. the Idaho Tort Claims Act and *Carter v. Allan,* 94 Idaho 190, 484 P.2d 739 (1971). In *Newlan,* however, we distinguished *Jorstad.* Here, however, plaintiff argues correctly that the *Jorstad* rationale of "substantial actual notice" is applicable to the facts of this case. We agree. Nevertheless we disagree that *Jorstad* has any continued vitality and we now expressly overrule *Jorstad* insofar as it was therein held that plaintiffs were exempt from notice of claim requirements because of minority, "substantial actual notice" having been given or because of the relative size of the governmental units, i. e., a city as contrasted with a state.

The alternative writ is made permanent insofar as it requires the district judge to vacate his order striking all defenses relating to the statutory notice of claim requirement. The alternative writ insofar as it requires the district judge to vacate his order denying summary judgment is modified and the district judge is directed to, if necessary, take further proof on the question of whether or not plaintiff's claim should "reasonably have been discovered" within a time framework activating the requirements of the statutory notice of claim requirement and thereafter enter an order denying or granting the defense motion for summary judgment. In the event that district judge determines that the resolution of such question of fact is not appropriate upon a motion for summary judgment, he is authorized thereafter to deny plaintiff's motion for summary judgment and proceed to trial for a resolution of that question. No costs allowed.

McQUADE, C. J., and SCOGGIN, D. J., (Retired) concur.

McQUADE, Chief Justice (specially concurring).

I continue to adhere to the views I expressed in my dissent in the *Newlan* and *Agost* cases, and believe that the reasoning set forth in that dissent is equally applicable if not more compelling to the case at hand. However, as a majority of this Court is not persuaded to adopt my reasoning, I feel bound by the holding of the *Newlan* and *Agost* decisions.

DONALDSON, Justice (dissenting).

I dissent from the position of the majority requiring technical compliance with notice requirements of the Idaho Tort Claims Act, I.C. §§ 6–901 to 938. Rather than demanding technical fulfillment of the requirements set forth in the above statutes, I continue to adhere to the doctrine of substantial compliance [1] which has previously

---

1. The doctrine of substantial compliance is adhered to by a majority of the states. *See,* e. g., *Galbreath v. City of Indianapolis,* 253

Ind. 472, 255 N.E.2d 225 (1970) ; *Travis v. Kansas City,* 491 S.W.2d 521 (Mo.1973) ; *Zamel v. Port of New York Authority,* 56

been the rule in Idaho and requires only that notice set forth with reasonable certainty the time, place, cause and nature of the accident along with the general nature and extent of injuries.

The purpose and intent of notice of claim statutes is to provide the party against whom an action has been filed time to investigate the claim, determine its merits, and prepare a defense if necessary. In *Jorstad v. City of Lewiston,* 93 Idaho 122, 456 P.2d 766 (1969), a notice of claim statute contained within the Charter of the City of Lewiston was construed as follows:

"It is now well-established law in this jurisdiction that the purpose and intent of these notice statutes is two-fold:

(1) to save needless litigation and expense by providing an opportunity for amicable adjustment of the differences between the parties. *Giffin (Giffen) v. City of Lewiston,* 6 Idaho 231, 55 P. 545 (1898); and

(2) to provide 'such information that the authorities may be able to make a full investigation of the cause of the injury and determine the city's liability therefor.' *Dunn v. Boise City,* 45 Idaho 362, 367, 262 P. 507, 509 (1927); *Cox v. City of Pocatello,* 77 Idaho 225, 234, 291 P.2d 282 (1955); *McLean v. City of Spirit Lake,* 91 Idaho 779, 782, 430 P.2d 670 (1967); *Weaver v. Village of Bancroft,* 92 Idaho 189, 439 P.2d 697, 700 (1968).

"In determining whether the purpose of the statute has been achieved, it must be borne in mind, that 'a substantial compliance is all that is required in specifying the time, place, character and cause of said damage. * * * The object of the statute must be kept in mind, and it should not be given a construction which will defeat the ends of justice.' *Dunn v. Boise City,* supra; *Cox v. City of Pocatello,* supra; *McLean v. City of Spirit Lake,* supra; *Weaver v. Village*

*of Bancroft,* supra." 93 Idaho 125, 126, 456 P.2d 769.

In the case at bar, the governmental entity involved was given sufficient actual notice to fall within the doctrine of substantial compliance as set forth in *Jorstad.* On the very date of the accident, numerous affidavits were filed with the school by students who observed the conduct in question. These affidavits contained circumstances of the accident and notice of probable injury. In addition, documents were later prepared at the request of officials and agents of Capital High School and the Independent School District of Boise City. One of these documents entitled "State Department of Education Accident Report Form" is directed to the "Independent School District of Boise City" and bears the date of November 24, 1971. Therein, the date of the accident is set forth as November 24, 1971. Thus, it is obvious that the district had actual knowledge, through a report made on its own form and signed and subscribed by a person bearing the title "District Supervisor of Safety Education" of the injury to Scott Patterson on the date of the injury itself. Looking at the requirements of I.C. § 6–907, relating to "contents of claims" and comparing the same to the accident report form and other documents, the district had actual written notice of "the conduct and circumstances which brought about the injury or damage," "the injury or damage," "the time and place the injury or damage occurred," and "the names of all persons involved," "together with a statement of the actual residence of the claimant." Further written information was supplied on December 15, 1971, only some three weeks thereafter. The only information the district did not have as a result of the above documents was "the amount of damages claimed" and information regarding the residence of the claimant "for a period of six (6) months immediately prior to the time the claim

N.J. 1, 264 A.2d 201 (1970); *Sandak v. Tuxedo Union School Dist. No. 3,* 308 N.Y. 226, 124 N.E.2d 295 (1954); *Heller v. City*

*of Virginia Beach,* 213 Va. 683, 194 S.E.2d 696 (1973); *Higginbotham v. City of Charleston,* 204 S.E.2d 1 (W.Va.1974).

arose." Since Scott Patterson was a student at Capital High at the time, the very records of said school would reveal his residence for the six month period prior to the accident. Further, damages claimed by the respondent had been fully ascertained by an insurance adjuster representing the insurance carrier for the School District well within the 120 day notice of claim period.

It is my belief the above facts fall squarely within the doctrine of substantial compliance, and the respondent should be granted relief under the holding of *Jorstad.*

BAKES, Justice (dissenting):

I agree with the district court's determination that the 120-day notice of claim provision of the Idaho Tort Claims Act does not apply to minors.

The majority quotes the following passage from I.C. § 6–907 in support of its conclusion that minors were not intended to be exempted from the 120-day requirement of the act:

" . . . If the claimant is incapacitated from presenting and filing his claim within the time prescribed or if the claimant is a minor . . . the claim *may* be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant." (Emphasis added).

This section does not say that a relative, attorney or agent representing a minor claimant *must* present and file a claim within 120 days; it says such a representative *may* file a claim within 120 days. The section recognizes that others may act to protect a minor's rights, but it does not require them to act in order to preserve the minor's rights.

Thus, the Idaho Tort Claims Act is not inconsistent with I.C. § 5–230, which provides:

"5–230. *Persons Under Disabilities*— . . . If a person entitled to bring an action, . . . be, at the time the cause of action accrued, . . . "

"1. Within the age of majority;

. . .

. . . . . . .

"The time of such disability is not a part of the time limited for the commencement of the action."

I.C. § 5–230 suspends the running of the statute of limitations during a plaintiff's minority. However, the parents or next friend of a minor plaintiff may still bring suit during the plaintiff's minority in order to protect the plaintiff's rights, but the plaintiff's rights cannot be terminated during his minority by a statute of limitations. There is nothing in I.C. § 6–907, or any other section of the Idaho Tort Claims Act, which shows an intent to change this policy, and thus I conclude that the legislature intended to toll the running of the notice of claim requirement for a minor tort claimant when the tortfeasor was a governmental entity. As the Washington Court of Appeals said in *Hunter v. North Mason High School,* 12 Wash.App. 304, 529 P.2d 898, *cert. granted* 85 Wash.2d 1005 (1975), in construing a nearly identical provision of the Washington code under remarkably similar facts:

"[I]t would be fundamentally unfair for a minor to be denied his recourse to the courts because of circumstances which are both legally and practically beyond his control. The legal disabilities of minors have been firmly established by common law and statute. They were established for the protection of minors, and not as a bar to the enforcement of their rights. (Citation omitted). The legislature recognized this when it inserted the provision in [the nonclaim statute] allowing a relative, agent or attorney to file a claim on behalf of the minor. However, any argument that this provision sufficiently protects the interests of the minor was disposed of in [*Cook v. State,* 83 Wash.2d 599, 521 P.2d 725 (1974)], wherein it was stated:

" 'The possibility that a friend or relative may possess the foresight to file a

**66**

timely claim on behalf of an incapacitated victim, in our view, provides too slender a reed to bridge the inherent discrimination, and it becomes arbitrary and unreasonable when it penalizes the incapacitated if a friend or relative through inadvertence or ignorance fails to act.' "

. . . . . .

" . . . A minor lacks the capacity to appoint an attorney, and his capacity to appoint an agent is disputable. (Citation omitted). As stated, his right of action should not depend on the good fortune of having an astute relative or friend to take the proper steps on his behalf. . . .

"It is noteworthy that minority alone is a disability which tolls the general statute of limitation. (Citation omitted). There is no reason why the minor should not be similarly protected when the alleged wrongdoer is a governmental entity. To grant the minor protection in one situation and not the other is arbitrary and manifestly unjust.

. . . . . .

"We . . . hold that a person under the age of 18 is as a matter of law excused from compliance with [the nonclaim statute]. Also, . . . we hold that the right of action must be preserved by filing the claim within 120 days from the removal of the disability. Our reason is that the minor, whether mature or immature, seriously disabled or otherwise, lacks the means for personally complying with the statute until the time the disability caused by his age is removed." 529 P.2d at 899–900.

I agree with the analysis of the Washington Court of Appeals insofar as it bases its decision upon statutes tolling the notice of claim requirement during a plaintiff's minority and upon a minor plaintiff's legal inability to protect his rights by initiating suit on his own behalf. I cannot believe it was in the contemplation of the legislature to implicitly repeal I.C. § 5–230 by a sentence in the Idaho Tort Claims Act allowing a minor's adult representative to pro-

tect the minor's interests by filing a claim on the minor's behalf.

The majority avoids the question of construing I.C. § 5–230 and I.C. § 6–907 by rejecting the argument that the notice of claim requirement is a statute of limitations. I cannot agree with this analysis. "The requirement [of the statute] . . . that before suit may be instituted against any municipal corporation . . . for injury to person or property, it must be notified in writing within 6 months of the event upon which the claim is predicated . . . is a statute of limitation." *City of Barnesville v. Powell*, 124 Ga.App. 132, 183 S.E.2d 55 (1971). The filing of the notice of claim is an integral part of the initiation of an action against a governmental entity. If it is not technically a statute of limitations as the Georgia Appellate Court holds, nevertheless it is so closely akin to one that minors are excused from compliance with its requirements during their minority for the same reason that they are excused from compliance with a statute of limitations. *McDonald v. City of Spring Valley*, 285 Ill. 52, 120 N.E. 476 (1918); *Haymes v. Catholic Bishop of Chicago*, 33 Ill.2d 425, 211 N.E.2d 690 (1965); *Lazich v. Belanger*, 111 Mont. 48, 105 P.2d 738 (1940); *Fornaro v. Town of Clarkstown*, 44 A.D.2d 596, 353 N.Y.S.2d 516 (1974); *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972). To hold otherwise would be to reach the ridiculous conclusion that a 10 year old injured by a governmental entity must file his notice of claim within 120 days of his injury, but then, because I.C. § 5–230 will toll the running of the statute during his minority, may wait the remaining 8 years of his minority before initiating suit in the district court. I cannot agree with such a result.

Finally, although this was not the situation in the case before us, it is not infrequent in automobile accidents for very young children to be orphaned or to lose the only parent that they are living with who is caring for them. See, e. g., *Jorstad v. City of Lewiston*, 93 Idaho 122, 456 P.2d

766 (1969). It cannot be seriously asserted that children in such circumstances are capable of protecting their interests or that there will be a party available who can protect the children's interest by filing a notice of claim within 120 days. I cannot believe the legislature intended to prevent such claimants from bringing their action by non-compliance with the notice of claim statute. Yet, if the majority's holding is the law, this Court will be inexorably bound to such a result.