**Douglas SCHUMER, a minor, By and Through his next friend, Gary SCHUMER, Appellant,**

v.

**CITY OF PERRYVILLE, MO., a fourth class municipal corporation, Respondent.**

**No. 65278.**

Supreme Court of Missouri, En Banc.

March 20, 1984.

Kenneth W. Shrum, Marble Hill, for appellant.

Nicholas G. Gasaway, R.A. Wegmann, Hillsboro, for respondent.

BILLINGS, Judge.

On June 4, 1982, the plaintiff, twelve-year-old, Douglas Schumer, was injured in an accident when a Honda three-wheeler vehicle on which he was a passenger collided with a Ford automobile on the city streets of Perryville, Missouri. Plaintiff, by his next friend, his father, filed suit against the drivers of the two vehicles involved in the accident and the City of Perryville for failing to properly maintain and repair the street upon which the accident occurred. The trial court granted summary judgment on behalf of the City of Perryville on the basis that plaintiff had failed to give the city notice within 90 days of the accident as required by § 79.480, RSMo 1978.[1] The order for summary judgment was severed from the remaining issues and deemed a final order for purposes of appeal. We reverse and remand.

Plaintiff contends that the 90 day notice statute, as applied in the instant case, violates both the Missouri and United States Constitutions. In particular, plaintiff avers that the statute violates article I, section 14 of the Missouri Constitution guaranteeing the right of redress for all injuries and access to the courts, both state and federal guarantees of due process and the equal protection clause of the United States Constitution. In addition, plaintiff contends that without regard to his minority or physical injuries, § 79.480, RSMo 1978, violates the equal protection clause of the fourteenth amendment. We agree with the plaintiff that as applied in the instant case,

---

1. *79.480. Notice of action shall be given—when —contents.*—No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on account of any injuries growing out of any defect or unsafe condition of or on any bridge, boulevard, street, sidewalk or thoroughfare, in said city *until notice shall first* *have been given in writing to the mayor of said city, within ninety days of the occurrence* for which said damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city. RSMo 1978 (emphasis added).

the 90 day notice requirement is invalid. We find it unnecessary to address the question of the statute's facial validity.

The undisputed evidence contained in plaintiff's affidavits set forth his incapacity and the prolonged and constant medical treatment he received. In the 13 month period following the June 4, 1982 accident, plaintiff was hospitalized on at least four occasions for extended periods, twice for over six weeks. Plaintiff underwent surgery on his leg on seven occasions. The record also documents that plaintiff made frequent visits to his doctors' offices as an outpatient during the intervals between hospitalizations. While treated as an outpatient, plaintiff was generally confined to his home and often restricted to his bed.

The chronology of legal proceedings giving rise to the instant action commenced on December 8, 1982. On this date Gary Schumer, Douglas Schumer's father, petitioned and was appointed to serve as next friend on behalf of his twelve year old son. Gary Schumer, individually and as next friend for Douglas, filed a petition seeking damages for the minor's injuries and medical expenses. The City of Perryville was not originally named as a defendant. On April 21, 1983, Perryville was added as a defendant.

On June 17, 1983, Perryville filed a motion for summary judgment, together with an affidavit of Perryville's Mayor, Kim Moore. The Mayor's affidavit recited that no § 79.480 notice was received and that the first notice the Mayor had in his official capacity was when he was served with process, sometime after April 21, 1983. On July 11, 1983, Gary Schumer and Norma Schumer, Douglas' parents, filed counter affidavits with accompanying medical records documenting their son's incapacity since the accident. Gary Schumer also stated that on his son's behalf he had given oral notice to Perryville's Mayor within 90 days of the accident. On July 20, 1983, the court allowed Gary Schumer to dismiss his individual claim, a second amended petition was filed naming Douglas Schumer as sole plaintiff, by and through his next friend, his father. On July 26, 1983, the trial court granted defendant Perryville's motion for summary judgment on the grounds that plaintiff failed to comply with the notice provisions of § 79.480, RSMo 1978.

The notice of claim requirements of § 79.480 apply to all actions against cities of the fourth class for personal injury from negligence in failing to maintain or repair city streets. Notice of claim statutes similar to § 79.480 are applicable for actions brought against other governmental bodies in Missouri.[2]

Statutes requiring notice within a certain time to be given to a city as a precondition to maintaining suit against the city have been common in most states. The origins and underlying purpose of these statutes are rooted in the doctrine of sovereign immunity.[3] Missouri, along with the vast ma-

---

**2.** *See* § 77.600, RSMo 1978 (third class cities); § 81.060, RSMo 1978 (special charter cities and towns); § 82.210, RSMo 1978 (constitutional charter cities).

**3.** We have said that the particular purpose of our notice of claim statutes is to protect the government from imposition. *See Travis v. Kansas City,* 491 S.W.2d 521, 524 (Mo. banc 1973) (allow city to investigate and defend against the claim); *Plater v. Kansas City,* 334 Mo. 842, 68 S.W.2d 800, 803 (1933) (protect city against stale claims by allowing prompt investigation while witnesses are available); *Wolf v. Kansas City,* 296 Mo. 95, 107, 246 S.W. 236, 239 (1922) (investigate before lapse of time has obliterated or changed the physical surroundings and obscured the memory of witnesses); *Reno v. City of St. Joseph,* 169 Mo. 642, 645, 70 S.W.

123, 126 (1902) (inform the city so that it may investigate the matter and learn the facts and evaluate the claim). Other jurisdictions have found that the purpose of similar statutes is to alert the city of dangerous conditions so that remedial action might be taken for the public's safety. We find no evidence in prior cases that such a purpose underlies Missouri's statutes, however, an absence of legislative history hinders any accurate assessment of the statutes objective[s]. Nevertheless, a persuasive case can be made that any original justification for the statute no longer exist. Today, our cities are allowed to purchase liability insurance, they maintain modern police and fire departments to investigate accidents and take prompt remedial action, and furthermore, all defendants are afforded protection against frivolous and fraudulent suits by our rules of civil procedure. We

jority of states, has waived the traditional doctrine of sovereign immunity in certain circumstances.[4] Just as we once were asked to evaluate the argument and scholarship over the continued vitality and validity of the doctrine of sovereign immunity, we are here urged by the plaintiff to strike down the 90 day notice of claim statute as unconstitutional. While we are cognizant that such statutes have come under increasing attack by both commentators[5] and courts,[6] we are hesitant to reach the issue of facial validity of notice of claim provisions where such an examination is not necessary for just disposition. Accordingly, we save for another day judicial examination of the facial validity of § 79.480, RSMo 1978.

In *Randolph v. City of Springfield*, 302 Mo. 33, 257 S.W. 449 (1923), we first recognized the rule that if a claimant is injured by the alleged negligence of a city to the point that he is physically unable to give the notice required by the statute, then the giving of the notice is excused during the period of incapacity. The rationale for our holding in *Randolph* was two-fold. First, we noted that a plaintiff's action for damages against a municipality for personal injury from negligence in failing to maintain the streets in repair is bottomed upon the common law. *Id.* 257 S.W. at 450. We then explained:

> No act of the Legislature would be valid which clogged or incumbered her right to enforce such common-law right with impossible conditions, *such as to require her to give notice when she was physically or mentally incapable of so doing, or other conditions impossible of performance without her fault.* To require such an impossibility of her would, in effect, be a *denial of her right to sue* at all upon a perfectly valid cause of action.

*Id.* 257 S.W. at 451. We concluded that unless the notice of claim statute was construed to except compliance under those conditions, it would violate the provisions of art. I, section 14, of the Missouri Constitution.[7] *Id.* Second, in dicta we stated that applying the notice of claim statute to a person who was unable to give notice

---

question the argument that, as a class, cities require the further advantages of notice of claim statutes.

4. Section 537.600, RSMo 1978, waives immunity in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonable foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

5. *See* Note, *Notice of Claim Requirement Under the Minnesota Municipal Tort Liability Act,* 4 Wm.Mitch.L.Rev. 93 (1978); Note, *Noll v. Bozeman: Notice of Claim Provisions in Montana,* 37 Mont.L.Rev. 206 (1976); Note, *Notice of Claim*

*Provisions: An Equal Protection Perspective,* 60 Cornell L.Rev. 417 (1975); Note, *The Constitutionality of California's Public Entity Tort Claims Statute,* 6 Pac.L.J. 30 (1975).

6. As of the date of this opinion, five states have found notice of claim statutes unconstitutional. *See James v. Southeastern Pennsylvania Transp. Auth.,* 459 A.2d 338 (Pa.1983) (equal protection); *O'Neil v. City of Parkersburg,* 160 W.Va. 694, 237 S.E.2d 504 (1977) (equal protection and due process); *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975) (equal protection); *Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879, *cert. denied sub. nom. Clark County v. Turner,* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973) (equal protection); *Reich v. State Highway Dept.,* 386 Mich. 617, 194 N.W.2d 700 (1972) (equal protection). *See also Lunday v. Vogelmann,* 213 N.W.2d 904, 911–12 (Iowa 1973) (Reynoldson, J., dissenting).

7. The exact language of art. I § 14, provides:

That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay.

Mo. Const. art. I, § 14 (1945). This provision is identical to its predecessor, Mo. Const. art. II, § 10 (1875), relied upon in *Randolph.*

within the time required by statute, where the inability to do so is caused by the very act of negligence which makes the city liable, would deny the plaintiff due process of law under both the state and federal Constitutions.[8] *Id.*

■ In *Randolph* and its progeny we stated that physical or mental incapacity would excuse the failure of a defendant to give notice. For the same reasons we now include the excuse of legal incapacity. We hold that Douglas Schumer was excused from compliance with the notice provisions of § 79.480, RSMo 1978, during the time he was under the disability of minority. Our holding that minority alone will excuse compliance is consistent with decisions of other jurisdictions confronted with interpreting similar statutes. *See e.g., McCrary v. City of Odessa,* 482 S.W.2d 151 (Tx.1972); *Barnum v. Martin,* 135 Ga.App. 712, 219 S.E.2d 341 (1975). We recognize that not all courts adhere to the decision we reach here. *See* 18 E. McQuillin, *Municipal Corporations,* § 53.159 (3d ed. 1977). We reject defendant's contention that minority should not excuse compliance because § 79.480 is a condition precedent to suit and *not* a statute of limitation. We note with approval the following remarks by Justice Zenoff of the Nevada Supreme Court:

> Nor am I concerned with the fineline distinction of whether the claim statute is a statute of limitation or a procedural roadblock as a condition precedent to suit ... The trend is to construe statutes in such a manner as to effectuate the long recognized principle that children are to be protected during their minority from the destruction of their rights by the

running of the statutes of limitation ... Whether the claim statute be called a statute of limitations or a condition precedent is of no moment. A review of other authorities reflects the foretold positive trend against the rigidity of the claim statutes, particularly as they affect the rights of minors.

*Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879, 885 (Zenoff, J., concurring), *cert. denied sub nom. Clark County v. Turner,* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973).[9]

Defendant Perryville argues that *Randolph* does not hold the notice requirement is permanently excused, but only that notice must be given within the statutory period immediately after the disability ends. Defendant reasons that any physical, mental or minority disability which existed with respect to the notice requirement of § 79.480, ended when the court appointed a next friend for the plaintiff Douglas Schumer. Defendant admits that notice was given by service of process on the city some time after April 21, 1983.[10] However, defendant notes that this was more than 90 days after the next friend was appointed on December 8, 1982.

■ We cannot agree with defendant's contention that the failure of the court appointed next friend to give timely notice waived plaintiff's incapacity and defeated his claim. A next friend may not prejudice the substantial rights of a minor litigant. *See Black v. Missouri,* 492 F.Supp. 848, 867 (W.D.Mo.1980) (next friend), *Tracy v. Martin,* 363 Mo. 108, 249 S.W.2d 321, 323 (Mo. banc 1952) (guardian ad litem). *See*

**8.** *See* Mo. Const. art. I, § 10 (1945) (due process of law); U.S. Const. amend. V (same). We recognize that since we decided *Randolph* in 1923, the application of substantive due process to economic regulation has long been severely restricted. *See generally* McCloskey, *Economic Due Process and the Supreme Court: An Exhumation and Reburial,* 1962 Sup.Ct. Rev. 34 (1962). However, a due process analysis is still relevant under the fourteenth amendment. *See* U.S. Const. amend. XIV.

**9.** Since we conclude that plaintiff's minority alone excuses the notice requirement of § 79.-480, RSMo 1978, we do not consider whether plaintiff's physical or mental incapacity was sufficient to also excuse the statute.

**10.** Service of the summons and petition upon the mayor is sufficient to meet the statutory requirement that notice be in writing. *See Cole v. City of St. Joseph,* 50 S.W.2d 623, 624 (Mo. 1932).

*generally,* 43 C.J.S. *Infants* § 236, at 619 (1978).

In *Fornaro v. Town of Clarkstown,* 44 A.D.2d 596, 353 N.Y.S.2d 516 (N.Y.App. Div.1974), the court refused to permit a minor's attorney to defeat the minor's rights by failing to give timely notice, the court explained:

> It is clear that, except in a rare instance, a child of 13 lacks the acumen to appreciate that through inadvertence of counsel certain of his rights will be lost. This impediment may reasonably be presumed to attend infancy. A 13-year old child cannot reasonably be required to press his claim when his attorney fails to do so. And to the extent that the child is not required to do so, his infancy is quite properly considered causative to the delay. Accordingly, it was an abuse of discretion not to permit appellant to serve a late notice of claim.

353 N.Y.S.2d at 518 (citations omitted). The same reasoning is compelling in the instant case when applied to a minor's next friend. We conclude that plaintiff's minority excused compliance with the notice requirements of § 79.480, RSMo 1978 until the time the defendant city received adequate notice in the form of service of the summons and petition on the Mayor. Accordingly, the motion for summary judgment was improperly granted.

Judgment reversed and remanded for further proceedings.

All concur.