2016 JUL 25 PM 1:05



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, a foreign insurance company, | No. 72947-1-I |
| Plaintiff, | DIVISION ONE |
| v. | |
| BANK OF AMERICA, a foreign corporation, | |
| Defendant. | |
| BANK OF AMERICA, a foreign corporation, | |
| Third-Party Plaintiff, | |
| v. | UNPUBLISHED OPINION |
| EFLEDA PAZ, | |
| Third-Party Defendant. | |
| EFLEDA PAZ, | |
| Appellant, | |
| v. | |
| ALLSTATE INSURANCE COMPANY, a foreign insurance company, | |
| Respondent. | FILED: July 25, 2016 |

SCHINDLER, J. — Efleda Paz appeals summary judgment dismissal of her lawsuit against Allstate Insurance Company (Allstate). We affirm.

Efleda Paz provides a limited record on appeal. However, the following facts are undisputed.

Efleda Paz and her former spouse Fernando Paz owned rental property located in Kent and obtained a "Landlord Insurance Policy" from Allstate. The policy was effective from November 22, 2009 to November 22, 2010. The Landlord Insurance Policy listed Efleda and Fernando as the named insureds and "Select Portfolio Servicing Inc Its Successors &/Or Assigns" (SPS) as the mortgagee.[1]

In August 2010, Fernando notified Allstate that former tenants had damaged the rental property. Allstate opened a claim. Following an investigation, Allstate issued a check dated September 21, 2010 for the claim for damages in the amount of $30,634. The check was made payable to Efleda and Fernando and to SPS.[2] But Bank of America accepted and cashed the check with only Efleda's endorsement.

In 2012, SPS asserted the right to payment from Allstate for the claim of damages in the amount of $30,634 plus interest. Allstate paid $34,310 to SPS and SPS assigned Allstate all its rights and claims against Bank of America.

In September 2013, Allstate sued Bank of America for conversion and negligence. Allstate alleged the bank violated RCW 62A.3-110(2)(d) by accepting and cashing the check for $30,634 with only one of the required endorsements. Bank of America filed a third party complaint against Efleda.[3]

On January 14, 2014, Efleda, acting pro se, filed a fourth party complaint against Allstate. Efleda alleged claims for negligence and "civil liability for unlawful issuance of checks or drafts." Efleda asserted Allstate violated the terms of the policy by failing to timely and fully compensate her for the claim for damages.

---

[1] We refer to Efleda Paz and Fernando Paz by their first names for clarity.

[2] In January 2011, Allstate issued a second check in the amount of $5,102. This lawsuit involves only the first check.

[3] The record on appeal does not include Bank of America's complaint against Efleda.

Allstate filed a motion for summary judgment dismissal of the complaint. Allstate argued the claim for unlawful issuance of checks failed to state a claim for relief and the other claims were barred by the one-year time limitation of the policy and the three-year statute of limitations.

Efleda retained counsel and filed a response. In the response to summary judgment, Efleda conceded her claim for unlawful issuance of checks should be dismissed. Efleda conceded her negligence claim was barred by the three-year statute of limitations. Relying on Hunter v. North Mason High School, 12 Wn. App. 304, 529 P.2d 898 (1974), Efleda argued material issues of fact precluded summary judgment because the one-year lawsuit limitation clause in the insurance policy violated public policy and was unenforceable. Efleda asked the court to dismiss the complaint without prejudice and allow her to file an amended complaint to assert a claim under the Insurance Fair Conduct Act, chapter 48.30 RCW.[4]

The court granted Allstate's motion and dismissed Efleda's complaint against Allstate with prejudice.

Efleda filed a motion for reconsideration. Efleda argued for the first time that Allstate refused to release the "insurance binder" in violation of WAC 284-30-560 and WAC 284-30-350. The trial court denied the motion for reconsideration.

Efleda appeals, challenging summary judgment dismissal of her lawsuit and denial of the motion for reconsideration.

We review a decision to grant or deny summary judgment de novo, considering all the facts in the light most favorable to the nonmoving party. TransAlta Centralia Generation L.L.C. v. Sicklesteel Cranes, Inc., 134 Wn. App. 819, 825, 142 P.3d 209

---

[4] Efleda did not file a motion to amend.

3

(2006). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). On appeal, we consider only arguments presented to the trial court. See RAP 2.5(a); Washburn v. Beatt Equip. Co., 120 Wn.2d 246, 290, 840 P.2d 860 (1992) (appellate court will generally not consider arguments not presented to the trial court). RAP 9.12 specifically provides that on "review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court."

We review the denial of a motion for reconsideration for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. In re Marriage of Horner, 151 Wn.2d 884, 893, 93 P.3d 124 (2004).

For the first time on appeal, Efleda's sole argument is that Allstate violated WAC 284-30-380(5). Efleda contends the one-year lawsuit limitation clause set forth in the insurance policy may only be enforced if the insurer complies with WAC 284-30-380(5) and provides written notice to the insured 30 days before the lawsuit expiration period expires. The regulation provides:

> Insurers must not continue negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney until the claimant's rights may be affected by a statute of limitations or a policy or contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the claimant's rights. This notice must be given to first party claimants thirty days and to third party claimants sixty days before the date on which any time limit may expire.

WAC 284-30-380(5).

Efleda did not allege Allstate violated WAC 284-30-380(5) in the complaint, the opposition to summary judgment, or her motion for reconsideration. Because Efleda failed to raise the issue of compliance with WAC 284-30-380(5) in superior court, we do not consider the argument on appeal. See RAP 9.12; Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005) (a party may not propose new theories of the case that could have been raised before entry of an adverse decision).

We also note Efleda presented no evidence below in support of the argument that Allstate failed to comply with WAC 284-30-380(5).

Allstate seeks an award of attorney fees arguing Efleda's appeal is frivolous under RAP 18.9. Under RAP 18.9(a), an appellate court may order a party to pay compensatory damages or terms for filing a frivolous appeal. "[A]n appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). Because contrary to RAP 9.12 Efleda raises an argument for the first time on appeal, we grant Allstate's request for fees subject to its compliance with RAP 18.1.

WE CONCUR: